### 70756. BETHEA et al. v. SMITH.
(336 SE2d 295)

CARLEY, Judge.

Appellee initiated the instant medical malpractice action against appellants and another defendant not a party to this appeal. The complaint alleged that appellant Bethea, an orthopedic surgeon, had been negligent in the diagnosis and treatment of appellee's fractured right ankle. Appellants answered and denied the material allegations of the complaint. Appellants subsequently moved for summary judgment and, in support thereof, filed an affidavit executed by appellant Bethea. In his affidavit, appellant Bethea averred that all his medical and surgical services with respect to appellee had been performed in accordance with the prevalent and accepted standards of medical care as observed by the medical profession generally under the same or similar circumstances.

In opposition to appellants' motion for summary judgment, appellee filed the affidavit of Stanley R. Kalish, a podiatrist. The affiant set forth his qualifications and stated that he was familiar with the standard of care and treatment practiced by "the medical profession generally" with respect to the type of diagnosis and treatment involved in the care of appellee by appellant Bethea, that he had examined appellee and appellee's medical records, and that he had personal knowledge of the facts of the case. It was the affiant's opinion "that the standard of care as it pertains to the medical profession generally, that being the degree of skill and care employed by the medical profession generally under similar conditions and like surrounding circumstances[,] was not followed in the course and treatment of [appellee] by [appellant Bethea]."

The trial court denied appellants' motion for summary judgment but issued a certificate of immediate review. This court granted appellants' application for an interlocutory appeal in order that we might address the issue of whether the podiatrist's affidavit was competent expert evidence in opposition to the motion for summary

judgment.

1. In *Sandford v. Howard*, 161 Ga. App. 495 (288 SE2d 739) (1982), this court dealt with the issue of whether an orthopedist was qualified to give expert testimony as to the standard of care and a deviation therefrom in a malpractice action against a podiatrist. In resolving this issue, we held that evidentiary "barriers between schools of practice are not insurmountable in this state." *Sandford v. Howard*, supra at 498. However, we do not construe the *Sandford* decision as establishing that such "barriers" are non-existent. *Sandford* very clearly recognized that "[t]he *general rule* is that a member of a school of practice other than that to which the defendant belongs is not competent to testify as an expert in a malpractice case. [Cit.] Under this rule, the orthopedists (allopaths) are *not* competent to testify against the podiatrists. However, an *exception* to that rule and the *trend* we perceive in several Georgia cases lead us to conclude that *these* orthopedic surgeons may testify regarding the standard of care required of podiatrists in the diagnosis and treatment of *flat feet*." (Emphasis supplied.) *Sandford v. Howard*, supra at 497 (4). Thus, the holding in *Sandford* was a relatively narrow one: Notwithstanding the generally recognized evidentiary "barriers" between the expertise of orthopedists and podiatrists, the former were not unqualified to give expert testimony as to the specific issue of the standard of care to be exercised by the latter in the diagnosis and treatment of flat feet. This narrow holding in *Sandford* was, in turn, based upon an "exception" to the general rule of the competency "barrier" and a perceived "trend" in Georgia cases. Accordingly, the issue for resolution is whether the instant case comes within the general rule or the narrow holding of *Sandford*.

2. The "exception" recognized in *Sandford* was the following: "Where there is proof by competent evidence that the *methods of treatment are the same* despite the difference in the nomenclature of the schools involved, the witness is competent to testify. [Cit.]" (Emphasis supplied.) *Sandford v. Howard*, supra.

Unlike *Sanford*, we find nothing in the record before us to indicate that the methods of diagnosis and treatment for a fractured ankle are the same for podiatrists as for orthopedists. Compare *Sandford v. Howard*, supra at 497 (5). The affiant-podiatrist merely professed to be *"familiar* with the standard of care and treatment practiced by *the medical profession generally* with respect to the type of diagnosis and treatment" of an ankle fracture. (Emphasis supplied.) The affiant does not, however, state what he meant by the phrase "the medical profession generally." If he meant that he was familiar with the general practice of orthopedists, the affiant, as a podiatrist, would not necessarily be qualified as an *expert* as to that practice *unless* it were also shown to be similar to his own practice of

podiatrics. Competency as an expert is not demonstrated by mere familiarity. During the course of one's education, training, or experience as a naturopath or chiropractor, it is possible to become "familiar" with the standard of care and treatment generally employed by allopaths. Such familiarity would not, however, qualify one as an expert in that regard. See *Sandford v. Howard*, supra at 498 (7). " 'An expert witness is one who through education, training, or experience has peculiar knowledge concerning some matter of science or skill to which his testimony relates. [Cits.]' [Cit.]" *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 220 (312 SE2d 386) (1983). Absent some evidence to show that the affiant's education, training, or experience *as a podiatrist* would likewise demonstrate his *similar* expert qualifications as to an orthopedist's diagnosis and treatment of a fractured ankle, the "exception" in *Sandford* would not be shown. Compare *Beatty v. Morgan*, 170 Ga. App. 661 (317 SE2d 662) (1984), a case which did not involve the "barriers" between "schools of medicine" and which held that a licensed *physician* in the *general* practice need not be a *specialist* to qualify as an expert witness in a medical malpractice case against another physician who "practiced the same school of medicine, i.e., allopathy, or conventional medicine." *Beatty v. Morgan*, supra at 662.

On the other hand, if the affiant's employment of the phrase "the medical profession generally" referred to his familiarity with the practice of podiatry, the affidavit would clearly constitute expert evidence. That expert evidence would, however, be totally irrelevant to any issue in the instant case unless there was some *other* showing that, as to fractured ankles, the general practice of podiatrists was sufficiently similar to the general practice of orthopedists, such that a deviation from the former would necessarily constitute an act of negligence on the part of appellant.

As purely a matter of statutory construction, "we can discern that insofar as the human foot and leg are concerned, a podiatrist is *capable* of rendering the same treatment an orthopedist may give, short of amputation." (Emphasis supplied.) *Sandford v. Howard*, supra at 496. Whether or not the same treatment *would* ordinarily be afforded as a matter of general practice by both schools of medicine is, however, an evidentiary issue. Unlike the diagnosis and treatment of the flat feet in *Sandford v. Howard*, supra, there is nothing whatsoever in the instant case to indicate that "the standard of care and treatment practiced by the medical profession generally," with which standard the affiant expressed familiarity and a deviation from which was attributed to appellant Bethea, was a *common* standard recognized by both schools of practice with regard to the diagnosis and treatment of fractured ankles. Accordingly, in this evidentiary aspect the instant case is within the general rule that a member of a school

of practice other than that to which the defendant belongs is not competent to testify in a malpractice case.

3. The holding in *Sandford v. Howard*, supra, was also predicated upon a perceived "trend" in several Georgia cases. Among the "trend" cases cited is *McCormick v. Avret*, 246 Ga. 401 (271 SE2d 832) (1980). The *McCormick* decision dealt solely with the issue of whether a licensed nurse was qualified to give testimony in a medical malpractice case only as to the standard of care for the sterilization of a hypodermic needle. The evidence in *McCormick* clearly showed that, as to that single procedure, there was an overlap of medical and nursing expertise. *McCormick* did not purport to hold that the nurse was otherwise qualified to testify as an expert on the standard of care employed by the medical profession *generally* where there is *no* showing of a professional overlap of expertise as to the procedure in question. In this court's opinion in *McCormick*, we were very careful to emphasize that the nurse's testimony was admissible solely as to the single procedure at issue and "was not offered to establish a standard of care in the actual drawing of blood. Nor was it offered to establish a standard of care with respect to the diagnosis or treatment of an illness or injury." *McCormick v. Avret*, 154 Ga. App. 178, 179 (267 SE2d 759) (1980). As discussed, there is no showing in the instant case of the existence of an overlap between the orthopedic and podiatric general procedures insofar as the diagnosis and treatment of a fractured ankle is concerned. Accordingly, the instant case does not come within any such "trend" as may be exemplified by *McCormick v. Avret*, supra.

4. Appellants moved for summary judgment and offered an expert medical opinion that appellant Bethea was not negligent in his diagnosis and treatment of appellee. The affidavit offered by appellee was not competent expert medical evidence to the contrary. The trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 4, 1985 —
REHEARING DENIED OCTOBER 18, 1985 —

*Daryll Love, Hezekiah Sistrunk, Jr.*, for appellants.
*Kenneth I. M. Behrman, Robert R. Ezor, Samuel S. Olens, Sarah M. Wayman*, for appellee.