## 77561. HICKS v. MAULDIN.
(379 SE2d 806)

BENHAM, Judge.

Appellant, acting as an individual and in her capacity as administratrix of the estates of her deceased husband and of her deceased infant daughter, filed a medical malpractice action against appellee Mauldin, a physician who treated appellant's daughter the day the child died. A jury rendered a verdict in favor of appellee, and appellant brings this appeal from the judgment entered thereon.

1. Appellant first enumerates as error the trial court's admission of testimony concerning the propensity of the late Mr. Hicks to con-

---

sume alcohol.

Appellant alleged that appellee's negligence resulted in the death of her 5-½-month-old infant daughter. The infant had a blood alcohol level of .12 at the time of her death, and the expert witnesses were in agreement that the child's blood alcohol level may have contributed to her death. The evidence that Mr. Hicks was an alcoholic who at times kept liquor in places accessible to his children was relevant to the issue of how the child's blood alcohol content reached a level that might have contributed to her death. "Any evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. [Cit.]" *Kelly v. Floor Bazaar*, 153 Ga. App. 163, 165 (264 SE2d 697) (1980).

2. Appellant also contests the trial court's ruling permitting testimony that appellant and the late Mr. Hicks had previously lost an infant child to Sudden Infant Death Syndrome (SIDS), and that the siblings of a SIDS child have an increased risk of a SIDS death. Inasmuch as appellant had alleged that appellee's negligence had caused the child's death, and several experts opined that the child's death could have been a SIDS death, appellee was entitled to attempt to prove that the child died from a cause other than appellee's treatment of her. See *Kelly v. Floor Bazaar*, supra.

3. During his examination of the investigating police officer, appellee's counsel asked the witness his impression of the general living conditions of the Hicks family. Appellant maintains that evidence of her family's financial condition is not relevant in a medical malpractice case. However, appellant's counsel had previously introduced into the record the testimony of the late Mr. Hicks concerning Mr. Hicks' job and his remuneration therefor. Appellant cannot complain of the admission of evidence on a subject which she first introduced. "It was not error to admit this testimony, as similar evidence of other witnesses was admitted without objection. [Cit.]" *Hammond v. Paul*, 249 Ga. 241 (2) (290 SE2d 54) (1982).

4. Appellant questions whether an osteopathic pediatrician, called by appellee, was competent to testify as an expert in a medical malpractice action filed against an allopathic general practitioner.

"The general rule is that a member of a school of practice other than that to which the defendant belongs is not competent to testify as an expert in a [medical] malpractice case. [Cit.] . . . [However], [w]here there is proof by competent evidence that the methods of treatment are the same despite the difference in the nomenclature of the schools involved, the witness is competent to testify. [Cits.]" *Sandford v. Howard*, 161 Ga. App. 495, 497 (288 SE2d 739) (1982). See also *Bethea v. Smith*, 176 Ga. App. 467, 468 (336 SE2d 295) (1985).

Appellant alleged that appellee had been negligent in failing to diagnose her infant daughter as being dehydrated. The osteopathic pediatrician testified there was absolutely no difference in the way an allopathic physician and an osteopath would treat a dehydrated infant. In light of such evidence, the osteopathic pediatrician was competent to testify. *Sandford v. Howard,* supra. Compare *Bethea v. Smith,* supra.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 9, 1989.

*William N. Robbins,* for appellant.

*Allen & Ballard, William L. Ballard, E. Jane Simpson,* for appellee.