## A90A1165. MILLIGAN v. MANNO.
### (397 SE2d 713)

POPE, Judge.

Plaintiff Margaret Milligan brought this medical malpractice claim against defendant Joseph A. Manno III, M.D., for injuries she allegedly sustained during eye surgery. In compliance with the requirement of OCGA § 9-11-9.1, plaintiff filed with her complaint the affidavit of Larry W. Anderson, D.O., setting forth his opinion that plaintiff's injuries were caused by defendant's piercing the optic nerve with an anesthetic needle during the surgical procedure in contravention of the proper standard of care. The trial court granted defendant's motion to strike the affidavit on the ground of legal insufficiency and dismissed plaintiff's complaint because, in the absence of a sufficient expert affidavit, the complaint failed to state a claim.

The issue raised by defendant's motion is whether the affiant, an osteopathic physician, is competent to testify as an expert witness against defendant, an allopathic physician. "The general rule is that a member of a school of practice other than that to which the defendant belongs is not competent to testify as an expert in a malpractice case. 85 ALR2d 1022, § 2." *Sandford v. Howard*, 161 Ga. App. 495, 497 (4) (288 SE2d 739) (1982). However, in *Sandford* this court went on to carve out an exception to the general rule. "Where there is proof by competent evidence that the methods of treatment are the same despite the difference in the nomenclature of the schools involved, the witness is competent to testify." Id. at 497 (5). In *Sandford* we ruled that the allopathic physicians presented as expert witnesses were competent to testify against the defendant podiatric doctors because the evidence showed the treatment of the plaintiff's ailment was not limited to the defendants' school of practice but was an area in which the fields of podiatry and allopathic medicines overlapped. Id. In *Bethea v. Smith*, 176 Ga. App. 467 (336 SE2d 295) (1985), this court held the podiatrist witness was not competent to testify as an expert against the orthopedist (allopath) defendant because, unlike in *Sandford*, the record did not reflect that the method of diagnosis and treatment of the ailment at issue in that case was the

same in the two schools of practice.

Plaintiff argues that the holdings in *Sandford* and *Bethea* are not applicable to the case at hand because both osteopathic and allopathic physicians are now licensed as physicians by one Composite Board of Medical Examiners. See OCGA § 43-34-20 et seq. However, that this state licenses both osteopathic and allopathic physicians to practice medicine does not mean, as a matter of law, that the methods of diagnosis and treatment of the two schools of practice overlap in all areas. We take judicial notice that even though osteopaths may now prescribe medicine, the two schools of medicine differ in many respects, both in diagnosis and treatment. See 61 AmJur2d, Physicians, Surgeons, etc., § 9 (1981). Therefore, each case must be reviewed on its own merits. In *Hicks v. Mauldin*, 190 Ga. App. 660 (379 SE2d 806) (1989), this court addressed the issue of whether an osteopath was competent to testify as an expert in a medical malpractice action filed against an allopath. The ruling that the osteopath was competent to testify was based on the testimony of the expert witness that "there was absolutely no difference in the way an allopathic physician and an osteopath would treat [the patient's medical condition]." Id. at 662.

The affidavit required by OCGA § 9-11-9.1 to be filed with a malpractice complaint is insufficient if it fails to show the affiant is competent to testify as an expert in the case. See *Padgett v. Crawford*, 189 Ga. App. 568 (376 SE2d 724) (1988); *Piedmont Hosp. v. Milton*, 189 Ga. App. 563 (377 SE2d 163) (1988). Now that the law requires the affidavit of a competent expert witness to be filed with a malpractice complaint, the rule set forth in *Sandford* governing the competence of a member of one school of medical practice to testify against a member of another school applies not only to testimony presented at trial but also to the affidavit required to be filed with the complaint. Pursuant to the holding in *Sandford*, "proof by competent evidence" must be presented to establish an exception to the general rule that a member of one school of medicine is incompetent to testify against a member of another school of medicine. The affidavit filed by plaintiff in this case merely indicates the witness is a licensed osteopathic physician. The affidavit establishes that the witness is a member of a different school of medicine than that practiced by the defendant but contains no evidence that the methods of treatment of plaintiff's condition are the same so as to bring the witness within the exception to the general rule that he is incompetent to testify. Thus, the affidavit is legally insufficient and the trial court did not err in striking the affidavit and dismissing plaintiff's complaint.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 11, 1990 —
REHEARING DENIED OCTOBER 5, 1990 — 

*David S. Walker, Jr., Michael T. Bennett*, for appellant.
*Alston & Bird, Judson Graves, Lisa J. Fellner*, for appellee.