A90A1309. RAZETE v. PREFERRED RESEARCH, INC.
(397 SE2d 489)

BIRDSONG, Judge.

Razete sued Preferred Research, Inc., for failure to transmit a complete, i.e., accurate title examination report on certain property. Razete contends his suit is for breach of contract; Preferred Research filed a motion to dismiss on grounds the suit was a professional malpractice suit and thus Razete was required by OCGA § 9-11-9.1 to file an expert's affidavit with his complaint. The trial court dismissed Razete's suit, evidently on this ground, and he appeals. *Held*:

We must disagree with the trial court's decision in this case. In *Housing Auth. of Savannah v. Greene*, 259 Ga. 435 (383 SE2d 867), the Supreme Court held that the legislature is deemed to have enacted § 9-11-9.1 with full knowledge of the existing condition of the

law and with reference to it. Id. at 438. Since the Code section requires an affidavit in "any action for damages alleging professional malpractice," and did not limit or define or restrict what service shall be deemed "professional," we and the Supreme Court have thus far declined to impose judicial distinctions as to what particular functions are "professional" services or acts. Id.; *Precision Planning v. Wall*, 193 Ga. App. 331 (387 SE2d 610).

Where the failure to do a thing, or the negligent doing of it, is proved by reliance upon a general standard of care or by rules of procedure used by others competently performing the same service, it is a "professional" act or practice. See *Hudgins v. Bacon*, 171 Ga. App. 856, 859 (321 SE2d 359). Wherever it is "necessary to establish the parameters of acceptable professional conduct" (*Hughes v. Malone*, 146 Ga. App. 341, 345 (247 SE2d 107)) in order to prove negligence or breach for failure to perform in a workmanlike manner, the case must be deemed a *professional* malpractice case.

The evidence in the instant case shows simple negligence. Nothing is alleged as negligence in the title examination; in fact, the title examination was correct. The problem arose from the failure to attach to the report the last page of the title examination which correctly showed the liens.

The omission of the last page showing the liens was a simple act of negligence and not an act of malpractice.

We explained in *Precision Planning*, supra at 332, that the purpose of OCGA § 9-11-9.1 is to prevent "frivolous or unsuitable actions," i.e., professional malpractice actions in which the plaintiff cannot prove by expert opinion that a professional standard or practice has been violated. But where, as in this case, the plaintiff can prove negligence or breach without proof of a customary procedure and violation of it, the case is not a professional malpractice case and OCGA § 9-11-9.1 does not apply to require an "expert's affidavit."

It is not the intent of OCGA § 9-11-9.1 to cause dismissal of a complaint alleging negligence or breach of a duty merely because the defendant asserts he is a "professional."

The trial court erred in dismissing this complaint.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 25, 1990.

*Lefkoff, Duncan, Grimes & Dermer, John R. Grimes, Kimberly A. Richardson*, for appellant.

*James M. Crawford*, for appellee.