A90A2262. JORDAN v. SANTA FE ENGINEERING, INC. et al.
(402 SE2d 304)

SOGNIER, Chief Judge.

Vonceil Jordan brought suit against Santa Fe Engineering, Inc. ("Santa Fe"), The Waldinger Corporation, and Koch Industries, Inc. ("Koch"), to recover damages for the wrongful death of her husband, under theories of negligence and strict liability. A jury returned a verdict in favor of the defendants, and Jordan brings this appeal following the denial of her motion for a new trial.

Evidence adduced at trial showed that the U. S. Corps of Engineers contracted with an architectural firm for the design of a new hospital at Fort Stewart, Georgia. Following the approval of the architectural plans, Santa Fe was awarded the general contract for construction of the hospital. Waldinger was the mechanical subcontractor, and installed an acid neutralization sump, manufactured by Koch, at the hospital. The sump was necessary to neutralize and provide safe disposal for various acids and chemicals used in laboratories at the hospital which may be harmful if disposed of through normal channels.

The decedent, John Jordan, was employed by the hospital's maintenance contractor, E. C. Corporation, as a shift supervisor, supervising a crew that cleaned the laboratory area. In early October 1984, the drainage system in the laboratory area leading to the tank became clogged and overflowed. The decedent had some contact with the overflowed material during the course of his duties, as did other E. C. employees, but E. C. employee Willie Johnson had primary responsibility for cleaning the area. On several days during and immediately following the decedent's exposure to the overflow material and

prior to his death, he exhibited increasingly severe signs of illness, including respiratory difficulties, gastrointestinal and renal problems, and neurological deficit and confusion.

During appellant's case in chief, she presented the testimony of Dr. William Anderson, a medical doctor who was qualified as an expert in pathology. In response to a hypothetical question positing the above information as well as the fact that Johnson had not become ill, and that the decedent had been taking the drug Antabuse, Dr. Anderson testified that, in his opinion to a reasonable degree of medical certainty, based on the course of the signs exhibited by the decedent (as related primarily by appellant), and the many organs involved, "exposure to one or more toxic materials that were absorbed in his body, caused the damage." The defendants presented the testimony of Dr. William McDonald, an expert with a Ph.D. degree in toxicology and pharmacology. Dr. McDonald opined, in contrast to the opinion of Dr. Anderson, that the decedent's signs were consistent with "an Antabuse reaction on consumption of alcohol."

1. Appellant contends the trial court erred by refusing to allow the testimony of Dr. Keith Mitchum, proffered by appellant in rebuttal. The transcript reveals that immediately preceding the commencement of the trial, appellees interposed an objection to the inclusion of Dr. Mitchum as a "may call" witness for appellant in the consolidated pretrial order signed and entered the day before, on the grounds that Dr. Mitchum had not been listed on the previous pretrial order (which had not been signed) and appellees had not had the opportunity to depose him; and that at the parties' pretrial conference the trial court had verbally ordered that no witnesses could be added after a date certain, and appellant had added Dr. Mitchum after that date. Despite the assurances of appellant's counsel that Dr. Mitchum would be called in rebuttal and only if necessary to respond to testimony of appellees' experts, and that a week before trial appellees had been offered the opportunity to depose Dr. Mitchum, the trial court indicated that it was inclined not to allow the witness, but it would entertain the request again after hearing appellees' evidence.

At the close of appellees' evidence, when appellant again sought to call Dr. Mitchum in rebuttal, the trial court adhered to its earlier ruling. In her offer of proof, appellant indicated that Dr. Mitchum would have been qualified as a medical expert, and that he would have testified that he was familiar with Antabuse and its effects, and that in his opinion, based on the timing of the physical signs exhibited by the decedent before his death, the cause of death was not an Antabuse reaction, but rather exposure to toxic substances present in the overflowed material.

Although questions of the admission of rebuttal evidence lie wholly within the sound discretion of the trial court, see *Hutto v.*

*Shedd,* 181 Ga. App. 654, 656 (1) (353 SE2d 596) (1987), such discretion is not unbounded. In *Ambler v. Archer,* 230 Ga. 281, 287-290 (1) (196 SE2d 858) (1973), the Supreme Court reversed the judgment below because the exclusion of testimony from appellant's witnesses not listed in the pretrial order, which was entered after appellant's counsel had failed to attend the pretrial conference, was deemed too harsh a sanction. Construction of a pretrial order so as to prevent a party from supporting his case by evidence where an amendment to the pretrial order is sought works a manifest injustice on the party, and fails to reflect the spirit of the Civil Practice Act, which is that cases be decided on their merits. Id. at 288. The injustice is even more apparent in the present case, where the record shows that the only pretrial order actually signed by all the parties includes the witness whose testimony was sought, and the testimony was sought to be admitted only in rebuttal. See generally *Allstate Ins. Co. v. Reynolds,* 138 Ga. App. 582, 587-588 (6) (227 SE2d 77) (1976). Pretermitting the question of whether Dr. Mitchum could have testified during appellant's case in chief, the offer of proof shows that his testimony would have specifically rebutted Dr. McDonald's testimony that the cause of death was a reaction to Antabuse. We cannot say that such testimony was merely cumulative of the testimony of Dr. Anderson, as urged by appellees, compare *Klemme Cattle Co. v. Westwind Cattle Co.,* 156 Ga. App. 353, 354-355 (1) (274 SE2d 738) (1980), or that the absence of such rebuttal had no effect on the jury's verdict. Accordingly, we must agree with appellant that the refusal to allow Dr. Mitchum to testify in rebuttal was an abuse of the trial court's discretion. *Ambler,* supra.

2. Because a new trial must be held, we address appellant's remaining contentions of error which deal with evidentiary matters and jury charges, and may recur.

(a) " 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. (Cits.)' [Cit.]" *Clemons v. Atlanta Neurological Institute,* 192 Ga. App. 399, 401 (384 SE2d 881) (1989). When the charge in the case at bar is considered as a whole, we find no merit in appellant's three contentions alleging error or confusion in the trial court's charge.

(b) We find no support in the transcript for appellant's contention that Dr. McDonald was permitted to testify to medical opinions, which were beyond the scope of his expertise. Dr. McDonald had been qualified as a toxicologist and had explained that toxicology was the study of adverse actions of chemicals on the body. He was thus properly permitted to testify concerning the effect of certain substances, such as Antabuse, on the body, and was properly prevented from testifying as to whether the signs displayed by the decedent were consis-

tent with any other known physical problems. Accordingly, the principle set forth in *Southern R. Co. v. Cabe*, 109 Ga. App. 432, 441-443 (6) (136 SE2d 438) (1964), relied on by appellant, is inapplicable.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 4, 1991 —
REHEARING DENIED FEBRUARY 18, 1991 — 

*Richard D. Phillips, Billy N. Jones, O. Dale Jenkins*, for appellant.

*Dickey, Whelchel, Brown & Readdick, J. Thomas Whelchel, Bouhan, Williams & Levy, James M. Thomas, Douglas A. Nystrom, Howard, Carswell & Bennett, Kenneth R. Carswell*, for appellees.