A91A0587. CANDLER GENERAL HOSPITAL, INC. v. LAMB et al.
(408 SE2d 416)

BIRDSONG, Presiding Judge.

We granted interlocutory appeal to the defendant Candler General Hospital, Inc., to review the trial court's denial of defendant's motion to dismiss, made on grounds that this is a professional malpractice case and plaintiffs failed to file a sufficient expert affidavit pursuant to OCGA § 9-11-9.1.

Plaintiffs sued for damage caused to plaintiff Laverne Lamb's eye during cataract surgery performed at defendant Candler Hospital. They alleged the damage was caused because contrary to the recommendations and warnings of the manufacturer of the "CooperVision" phaco-emulsifier used in the cataract surgery, hospital personnel negligently attached to the machine surgical supplies made by a company

other than the manufacturer of CooperVision. Plaintiffs contend the CooperVision machine uses a high-speed vibration to dissolve cataracts, that the device overheated because of a failure of an irrigation system attached to the CooperVision machine, and that hospital personnel were negligent in using this irrigation system, made by Staar Surgical Company, with the "CooperVision" phaco-emulsifier, contrary to the warnings of the "CooperVision" manufacturer.

Plaintiffs also filed suit against the manufacturers of the CooperVision machine and against Staar Surgical Company. As to the hospital, they alleged in their original complaint that the hospital violated the standard of care applicable to hospitals of comparable size and location as well as to hospitals generally. They attached the affidavit of Douglas Allen, a registered professional engineer and former vice president for CooperVision. Mr. Allen described his familiarity with the CooperVision machine used in this case, and said: "I am familiar with the hazards of an effect on system performance by the use with the said [machine] of disposable supplies other than those specified by CooperVision for this unit. *Use of disposables other than those of CooperVision may affect system performance and create potential hazards.* . . . The instructions provided by CooperVision to the purchaser of every [surgical supply] kit for use with the said [machine] provided in part that the use of disposables other than those of CooperVision may affect system performance and create potential hazards. . . . *One of the aforesaid effects on system performance or potential hazards includes interruption of the fluid flow to and from the eye during surgery.*" (Emphasis supplied.)

The trial court denied Candler Hospital's motion to dismiss, saying: "The case sub judice is not a medical malpractice case and defendant Candler's alleged liability does not turn on a 'medical question.' A jury would be capable of resolving these issues without the help of a medical expert's testimony. Therefore, OCGA § 9-11-9.1 (a) is not applicable here." *Held*:

The trial court erred in ruling that a jury would be capable of resolving the issues in this case without expert evidence and that this is not a professional malpractice case and an expert affidavit is not required under OCGA § 9-11-9.1. Moreover, the affidavit submitted by plaintiffs with their complaint is insufficient to comply with the Code section as an expert affidavit.

This is not a simple negligence case and is to be distinguished from cases like *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107 (354 SE2d 872) and *Self v. Executive Committee &c.*, 245 Ga. 548 (266 SE2d 168). Plaintiffs' entire cause of action depends upon a determination by the jury that defendant's employees committed a negligent act which caused Mrs. Lamb's injury. It will not be sufficient for plaintiffs to show, either in a simple negligence context or in the

context of professional malpractice, that use with a CooperVision phaco-emulsifier of surgical supplies other than supplies made by CooperVision to be used with that machine, "may affect system performance and create potential hazards," or even "[may] interrupt the fluid flow to and from the eye during surgery." In order for plaintiffs to sustain a verdict, there would have to be evidence that the use of surgical supplies other than those made by CooperVision for this machine *did* "exist" so as to cause a particular hazard. This might conceivably be proved at trial without expert medical testimony but there is nothing in the affidavit or the pleadings to suggest that it could be so proved. Moreover, there will have to be evidence that the particular hazard which was brought about by use of improper supplies *caused* interruption of fluid flow to Mrs. Lamb's eye. If plaintiffs can prove this by any evidence other than expert medical evidence, they have not suggested it to us.

The purpose of OCGA § 9-11-9.1 (a) is to prevent "frivolous or unsuitable actions," i.e., actions where plaintiff sets out to prove negligence but is unable to do so without expert evidence; if plaintiff cannot establish negligence and causation without expert testimony, the case is generally a professional malpractice action within the meaning of § 9-11-9.1. See *Razete v. Preferred Research*, 197 Ga. App. 69, 70 (397 SE2d 489). To this end, OCGA § 9-11-9.1 (a) provides: "In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically *at least one negligent act or omission claimed to exist and the factual basis for each such claim.*" (Emphasis supplied.)

At best, plaintiffs have merely submitted an affidavit suggesting that defendant's employees committed an act that *may* cause interruption of the flow of fluid to the eye during surgery; they have not even shown a "factual basis" for a claim the supplies used in this instance "may" have interrupted the flow of fluid to the eye during surgery, much less than they *did* cause this hazard. We note also that they have not suggested any "factual basis for a claim" that this circumstance *caused* the injury to Mrs. Lamb's eye.

The trial court erred in denying appellant's motion to dismiss.

*Judgment reversed. Cooper, J., concurs. Pope, J., concurs specially.*

Pope, Judge, concurring specially.

I agree that the trial court erred in concluding that this is not a professional negligence case. The acts or omissions at issue in this case concern the decision to outfit a complex surgical instrument with disposable parts not recommended by the manufacturer. The preparation of complex surgical instruments for a patient's surgery is cer-

tainly a medical function and not merely a clerical or administrative task. "[Plaintiffs'] allegations are not in the nature of merely 'performing administrative or clerical acts requiring no medical judgment' [*Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (354 SE2d 872) (1987)] as [plaintiffs contend], but call into question the making of professional medical judgments. . . . Since the instant case, unlike *Candler Gen. Hosp.*, involved the questioning of expert medical, nursing, and administrative judgments, the trial court" erred in finding the case was not a professional negligence case. *Chafin v. Wesley Homes*, 186 Ga. App. 403, 403-404 (1) (367 SE2d 236) (1988).

I also agree that the trial court erred in denying defendant's motion to dismiss because the affidavit filed by plaintiffs in support of their complaint is insufficient to meet the requirements of OCGA § 9-11-9.1. I do not agree, however, with the analysis of the majority opinion.

If the majority opinion stated that the filing affidavit is insufficient because it fails to set forth at least one negligent act or omission of the defendant, then I would concur. The affidavit merely states that the use of disposable supplies for the surgical machine in question other than those specified by the manufacturer violates the manufacturer's recommended procedures. It does not state that the use of unspecified supplies constitutes negligence. The majority opinion, however, holds the affidavit is insufficient to meet the requirements of OCGA § 9-11-9.1 because, inter alia, it does not assert that the defendant's action (use of unspecified supplies) *caused* plaintiffs' injuries.

Causation is an issue for jury determination but need not be addressed in a filing affidavit. "The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer." *0-1 Doctors &c. Co. v. Moore*, 190 Ga. App. 286, 288 (378 SE2d 708) (1989). All that is required of the filing affidavit pursuant to OCGA § 9-11-9.1 is that it set forth the factual basis for at least one negligent act or omission of the defendant and that it be made by "an expert competent to testify" to the issue of defendant's alleged negligence. The affidavit in this case was made by a former corporate officer of the manufacturer of the surgical machine which was allegedly misused by defendant hospital. In it, the affiant states he is familiar with the machine in question and the hazards and effects on the performance of the machine by the use of disposable supplies other than those specified by the manufacturer. It does not set forth, however, that the affiant has any knowledge of or familiarity with the appropriate standard of care for hospitals generally. The affidavit fails to set forth a negligent act or omission because

the affiant did not demonstrate that he was qualified to state whether, by using unspecified disposable parts of the machine, the hospital failed to meet the appropriate standard of care. Thus, in my opinion, the reason plaintiffs' filing affidavit is insufficient is because it fails to show that the affiant is qualified to testify to the standard of care for hospitals generally. See *Piedmont Hosp. v. Milton*, 189 Ga. App. 563 (377 SE2d 198) (1988).

Because the complaint alleges an act of negligence against the hospital which, by its nature, required medical judgment, the complaint is one for professional negligence. Because the affidavit filed with the complaint was legally insufficient, the complaint should have been dismissed.

DECIDED MAY 15, 1991 —
RECONSIDERATION DENIED JULY 3, 1991 — ▮▮▮▮▮▮▮▮

*Frank W. Seiler, Bouhan, Williams & Levy, Roy E. Paul, Peter D. Muller*, for appellant.

*Jones, Boykin & Associates, Noble L. Boykin, Jr., Charles W. Snyder, Painter, Ratterree, Connolly & Bart, Paul W. Painter, Clark & Clark, H. Sol Clark*, for appellees.