A91A1618. RAZETE v. PREFERRED RESEARCH, INC.
(415 SE2d 25)

POPE, Judge.

Plaintiff Larry Razete filed suit against defendant Preferred Research, Inc., alleging defendant is liable for its negligence in failing to report fully on a title search it conducted on behalf of plaintiff on a parcel of real property the plaintiff foreclosed upon. A page of the title search report was mistakenly omitted when it was transmitted to plaintiff's attorney. Because plaintiff was not informed of a lien on the property held by the Internal Revenue Service, plaintiff foreclosed without giving the IRS pre-foreclosure notice as required by law and was required to pay $22,000 to the IRS to obtain a release of the lien after the foreclosure was completed.

Defendant first filed a motion to dismiss on the ground the suit was one for professional malpractice and plaintiff had failed to submit an expert affidavit with his complaint, as required by OCGA § 9-11-9.1. In the first appearance of this case before this court, we reversed, holding that the complaint stated a claim for simple negligence, not professional malpractice. *Razete v. Preferred Research*, 197 Ga. App. 69 (397 SE2d 489) (1990). Upon remittitur of the case to the trial court, defendant filed a motion for summary judgment, this time arguing plaintiff's claim is a breach of contract claim and, because no policy of title insurance was actually issued in the case, the plaintiff may not recover. Plaintiff also filed a motion for summary judgment, arguing no genuine issue of material fact exists regarding defendant's negligent performance of the transmittal of the title search and, therefore, plaintiff is entitled to judgment as a matter of law. The trial court granted defendant's motion and denied plaintiff's, and

plaintiff again appeals.

Plaintiff submitted evidence in the form of his attorney's affidavit attesting plaintiff retained defendant to conduct a *title search* on the property and, pursuant to defendant's usual practice, defendant supplied a report of the search in the form of a commitment for title insurance. Defendant transmitted the commitment to plaintiff's attorney by telefax but did not transmit a cover sheet indicating the number of pages contained in the transmission and, in fact, that page of the commitment containing a notation about the IRS lien was omitted. Defendant submitted evidence in the form of the affidavit of one of its officers that plaintiff's attorney ordered a *title insurance policy* on the property in question. Defendant argues that regardless of the missing page of the commitment form, defendant's offer to issue a policy of insurance was never accepted and thus plaintiff may not recover from defendant.

We hold the trial court erred in granting defendant's motion for summary judgment because the complaint alleges only that plaintiff is entitled to damages for defendant's alleged negligence. See Id. It does not allege breach of contract. Plaintiff's complaint states a claim in negligence because "one who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information. . . ." *Robert &c. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 681-682 (300 SE2d 503) (1983). The trial court did not, however, err in denying plaintiff's motion for summary judgment because the record shows material issues remain in controversy in the case.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 15, 1992.

*Lefkoff, Duncan, Grimes & Dermer, John R. Grimes*, for appellant.

*James M. Crawford*, for appellee.