A93A1607. DEAL v. HANDSON et al.
A93A1608. HCA HEALTH SERVICES OF GEORGIA, INC.
v. HANDSON et al.
(436 SE2d 519)

ANDREWS, Judge.
Victor and Charlena Handson sued Northlake Regional Medical Center (formerly Doctors Hospital) operated by appellant HCA Health Services and Eric Deal, D.O., the osteopathic physician serving as the emergency room doctor there, for medical malpractice. They alleged that Dr. Deal failed to properly diagnose and treat bacterial meningitis in their infant daughter, Sophia, on March 1, 1989, resulting in her death on March 2, 1989. The hospital was alleged to be responsible for his actions under respondeat superior. The two ap-

peals are considered together.

The defendants filed motions to dismiss the complaint for failure to comply with OCGA § 9-11-9.1 (a) which the trial court denied. We granted defendants' applications for interlocutory appeal.

For purposes of that Code section, the Handsons attached to their complaint the affidavit of Norman Johnson, M.D., which stated his training, qualifications, and employment as an allopathic physician specializing in pediatrics and emergency medicine.

1. In both orders denying the motions to dismiss of the hospital and the doctor, the trial court's order reflects that it is entered after "consideration by the court of the pleadings, motion, response, affidavits, briefs . . . , depositions, request for admissions, and all other matters of record. . . ."

On a motion to dismiss based upon the insufficiency of the affidavit under OCGA § 9-11-9.1, consideration of essential evidentiary matters not included in the affidavit is improper. *HCA Health Svcs. of Ga. v. Hampshire*, 206 Ga. App. 108, 110 (2) (424 SE2d 293) (1992). Such a defect cannot be cured by amerdment. *Cheeley v. Henderson*, 261 Ga. 498 (2) (405 SE2d 865) (1991). Therefore, we limit our consideration to the four corners of the affidavit.

2. As to Dr. Deal, Dr. Johnson's affidavit reveals that he is a member of a different school of medicine than Dr. Deal, the osteopath. That being so, in order for Dr. Johnson to be "an expert competent to testify" as to Dr. Deal's actions, the affidavit must prove " 'by competent evidence that the methods of treatment are the same despite the difference in the nomenclature of the schools involved. . . .' " (Citation omitted.) *Milligan v. Manno*, 197 Ga. App. 171 (397 SE2d 713) (1990) (osteopath's affidavit failed to show overlap of expertise regarding an allopath's treatment). See *Nowak v. High*, 209 Ga. App. 536 (433 SE2d 602) (1993) (affidavit reflected that the expertise of physician and nurse overlapped regarding the giving of an injection); *Chandler v. Koenig*, 203 Ga. App. 684, 685 (417 SE2d 715) (1992).[1]

Here, the affidavit stated that Dr. Johnson, based on his training and experience as an allopathic physician, had knowledge regarding the methods of examination and treatment of pediatric meningitis patients by allopathic physicians. The affidavit further stated that Dr. Deal and HCA employees failed to obtain a blood culture or spinal

---

[1] There, five judges of this court concluded that a Ph.D. professor of pharmacology at a medical school was not an expert competent to testify regarding prescription of drugs because his expertise did not encompass the standard of care applicable to an allopathic physician. In dissent, four judges, including the writer, concluded that a pharmacologist's expertise did overlap with a medical doctor's in the specific area of the use of drugs and their effect on the human body. The Supreme Court vacated its writ of certiorari in that case. *Chandler v. Koenig*, 204 Ga. App. 923 (1992).

tap and prescribe antibiotics and that these failures "deviated from or fell below the generally accepted degree of care and skill exercised by the medical profession generally under similar conditions and circumstances for a pediatric meningitis patient." However, the affidavit "contained no evidence regarding the methods of treatment so as to establish 'a professional overlap of expertise in at least one matter alleged by [plaintiffs] to constitute malpractice,' [*Chandler*, supra] at 687." *HCA Health Svcs.*, supra at 111 (3a). Therefore, as to Dr. Deal, the affidavit was insufficient. Compare *Nowak*, supra.

3. As to the allegations that the hospital was liable for the alleged malpractice of Dr. Deal under respondeat superior,[2] because of the insufficiency of the affidavit as to Dr. Deal, the hospital is likewise entitled to raise this issue. *HCA Health Svcs.*, supra.

We need not consider the remaining enumeration of error.

*Judgments reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 23, 1993 —
RECONSIDERATION DENIED OCTOBER 12, 1993 

*Gleaton, Scofield, Egan & Jones, Frederick N. Gleaton*, for Deal.

*Alston & Bird, Judson Graves, Richard R. Hays, Daniel A. Kent*, for HCA Health Services of Georgia.

*Thomas, Kennedy, Sampson & Patterson, Thomas G. Sampson, Jeffrey E. Tompkins, Kimberly M. Carlisle, Divida Gude*, for Handson.

---

[2] There are no allegations of simple negligence against the hospital which would stand in the absence of the required affidavit. See *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70, 71 (1) (413 SE2d 720) (1992); *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 64 (3) (424 SE2d 632) (1992).