### 75867. SMITH et al. v. FELICIANO et al.
(369 SE2d 346)

CARLEY, Judge.

Appellant-plaintiffs Victor Paul Smith and Elma Smith brought this tort action against appellee-defendant physicians. The complaint averred that appellees had negligently misdiagnosed and treated appellant Victor Paul Smith's shoulder, as a result of which professional negligence, Mr. Smith allegedly sustained injuries for which he sought to recover damages from defendants. Elma Smith sought to recover damages for loss of consortium. Appellees answered, denying the material allegations of the complaint.

Both appellees subsequently filed a motion for summary judgment. The motions were supported by appellees' own affidavits, wherein they swore that, in treating and caring for appellant Mr. Smith, they had utilized the proper standard of care and skill employed by the medical profession generally under similar conditions and like surroundings. In opposition to appellees' motions, appellants submitted the affidavit of another physician. According to appellants' expert, the opinion that he expressed in his affidavit was based upon his review of certain medical records and x-rays and upon his experience as an orthopedic surgeon. The ultimate opinion of appellants' expert was that "[a]ccording to the standard of care in Georgia the treatment of [appellant] Mr. Smith by [appellees] was not in fact proper." The trial court granted appellees' motions for summary judgment, and it is from that order that appellants bring this appeal.

1. The grant of summary judgment is enumerated as being erroneous on the basis that the affidavits of appellees failed to pierce the pleadings of appellants' complaint. "The [appellee] doctors' affidavits stated their individual medical credentials, their expertise in their specific field of medicine, and their expert opinion that . . . their treatment [and care] of [appellant Mr. Smith] was in accordance with that degree of care and skill customarily and ordinarily employed by physicians generally [under the same conditions and like-surrounding circumstances]. . . . The law presumes that medical and surgical services were performed in an ordinarily skillful manner and the burden is on the one receiving the services to show a want of due care, skill, and diligence. [Cit.] A defendant-doctor is competent to give his opinion as an expert in a medical malpractice action against him. [Cit.] Such expert testimony, the same as any other expert testimony on the same issue, can be sufficient to pierce the pleadings of the plaintiff-patient. [Cit.]" *Landers v. Ga. Baptist Med. Center*, 175 Ga. App.

500, 501 (1) (333 SE2d 884) (1985). See also *Loving v. Nash*, 182 Ga. App. 253, 255 (1) (355 SE2d 448) (1987). The trial court correctly found that appellees' own affidavits were sufficient to pierce the allegations contained in appellants' complaint as to medical negligence.

2. Appellants also contend that it was error to grant appellees' motion for summary judgment in that the affidavit of the expert which appellants offered in opposition to appellees' motion was sufficient to create a genuine issue of material fact as to appellees' medical negligence.

The opinion of appellants' expert as to appellees' negligence purports to be based upon his consideration of certain material which is not in the record. Not all of those medical records and x-rays of appellant Mr. Smith, upon which the expert witness states that he based his opinion, are included in the record. "Our review of the affidavit reveals that the portions of [the affidavit] that could be said to raise a genuine issue of material fact [as to whether appellees were negligent in their diagnosis and treatment of appellant Mr. Smith] and thus preclude the trial court's grant of appellees' summary judgment motion were based on the missing records [and the x-rays]. Since the affidavit does not set forth admissible facts, it must be disregarded. [Cit.]" *Mingledolph v. Univ. Emergency Physicians*, 174 Ga. App. 75, 76 (329 SE2d 222) (1985). It follows that, for this reason, the trial court correctly ruled that the affidavit of appellants' expert filed in opposition to appellees' motion for summary judgment was insufficient to show the existence of a genuine issue of material fact as to appellees' medical negligence.

3. Our holding in Division 2 renders moot any consideration of whether the opinion of appellants' expert was based upon the standard of care applicable in a medical malpractice case. See *Kellos v. Sawilowsky*, 254 Ga. 4 (325 SE2d 757) (1985) (legal malpractice).

4. As discussed in Division 1, appellees' own affidavits submitted in support of their motions were sufficient to pierce the allegations of appellants' complaint. As discussed in Division 2, appellants failed to meet the evidentiary burden which was shifted to them to show the existence of an issue of fact for jury resolution. It follows that the trial court correctly granted summary judgment in favor of appellees.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 6, 1988.

*Bobby D. Simmons*, for appellants.
*Dennis A. Elisco, Hunter S. Allen, Jr.*, for appellees.