77733, 77769. 0-1 DOCTORS MEMORIAL HOLDING COMPANY et al. v. MOORE; and vice versa.

(378 SE2d 708)

SOGNIER, Judge.

Kenneth Moore brought a medical malpractice suit against 0-1 Doctors Memorial Holding Company and Emory University d/b/a Crawford W. Long Memorial Hospital of Emory University (collectively, the "Hospital") and three individuals, William Armstrong, M.D., Judith Ericsson, M.D., and Kathleen Rogers, seeking damages for injuries he incurred as a result of alleged negligent medical care and treatment he received from the defendants. Although due to time constraints no expert's affidavit was filed with the complaint, pursuant to OCGA § 9-11-9.1 (b) Moore amended his complaint within 45 days to file the affidavit of Joseph Bussey, M.D. The Hospital moved to dismiss Moore's complaint on the ground that the affidavit failed to comport with the requirements for an expert affidavit pursuant to OCGA § 9-11-9.1. The trial court refused to consider Moore's amendment to the affidavit and granted the Hospital's motion to dismiss as to all the defendants, specifically noting that the dismissal was not an adjudication on the merits of Moore's claim. Both sides appeal.

1. Since we find the second enumeration raised by Moore as the cross-appellant in Case No. 77769 to be dispositive of both appeals, we address it first. Moore (hereinafter "appellant") contends the trial court erred when it dismissed his complaint on the basis that his affidavit submitted pursuant to OCGA § 9-11-9.1 (a) was insufficient under that statute's requirements. OCGA § 9-11-9.1 (a) provides: "In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim."

Appellant filed an affidavit from Joseph Bussey, M.D., in which Dr. Bussey averred that he was over the age of eighteen years, that he was a medical doctor licensed to practice medicine in the State of Georgia, that he was a graduate of Emory University School of Medicine, and that he was a board certified general surgeon. Dr. Bussey then stated he had reviewed the Hospital's records for the admis-

sion of appellant and certain photographs, which were attached and incorporated by reference to the affidavit. The affidavit then contained Dr. Bussey's statements that "(3) [i]t is my opinion based on a reasonable degree of medical certainty that the scar on [appellant's] upper right arm was competently caused by the negligent application and control of the surgical tourniquet during the operation of 2/1/86-2/2/86 to include, but not limited to, the fact that the tourniquet was applied for too long. (4) This failure of reasonable care may be attributed to the operating surgeon, [Armstong]; the anesthesiologist, [Ericsson]; and/or, the nurses in the operating room, to include the nurse anesthetist [Rogers], or combination of those persons." The affidavit was properly signed and notarized.

The Hospital and the individual cross-appellees (hereinafter "appellees") contend this affidavit was insufficient because Dr. Bussey failed to set forth the appropriate standard of care, his familiarity with that standard of care, and the specific details of how appellees deviated from that standard. Appellees assert this language had to be present in the affidavit in order to establish both that Dr. Bussey was an expert competent to testify (apparently in that an affiant cannot qualify as an expert if he does not demonstrate his familiarity with the applicable standard of care) and that the alleged act constituted negligence (in that negligence can be established solely by comparing the act committed to the standard of care required of health care professionals).

Nothing in the affidavit requirements in OCGA § 9-11-9.1 demands that the standard of care be set forth, that a plaintiff's expert state he is familiar with the appropriate standard of care, or that the affiant detail the manner in which the defendant deviated from that standard. Thus the plain language of the statute does not support appellees' arguments. Appellees argue, however, that the requirement of an expert affidavit in OCGA § 9-11-9.1 mirrors the recognized requirements placed upon malpractice plaintiffs at the summary judgment level to overcome the presumption that medical care was rendered in an ordinarily skillful manner, see generally *Shea v. Phillips*, 213 Ga. 269, 271 (2) (98 SE2d 552) (1957), thereby incorporating the standard of care language requirement into the statute.

We acknowledge that a malpractice plaintiff as respondent on summary judgment cannot prevail on the motion, where the defendant by the content of his expert affidavit has carried his burden of proof, merely by presenting a conclusory opinion that the defendant was negligent or failed to adhere to professional standards of conduct without stating the parameters of such conduct and the particulars of the defendant's deviation therefrom, see *Loving v. Nash*, 182 Ga. App. 253, 255-256 (1) (355 SE2d 448) (1987); *Humphrey v. Alvarado*, 185 Ga. App. 486, 487-488 (2) (364 SE2d 618) (1988), and even appel-

lant is willing to concede that Dr. Bussey's original affidavit would be insufficient to carry his burden of proof against an expert's affidavit submitted by appellees on motion for summary judgment under the above authorities. But, as appellant correctly notes, he is not a responding party on motion for summary judgment here; he is the complainant in a malpractice action. We are not persuaded by appellees' arguments to incorporate the evidentiary standards applicable to evidence supporting a motion for summary judgment pursuant to OCGA § 9-11-56 (e) to the rule of pleading set forth in OCGA § 9-11-9.1 (a). In its requirement that a plaintiff elaborate upon and verify the existence of a cause of action, OCGA § 9-11-9.1 bears a far closer similarity to OCGA § 9-11-9 (b) (pleading fraud with particularity) than the procedural requirements under OCGA § 9-11-56, which allows parties, after discovery has been exhausted, to obtain judgment on the merits of a claim in factually uncontested cases. We construe OCGA § 9-11-9.1 as establishing an "exception to the general liberality of pleading permitted under [the Civil Practice Act, OCGA § 9-11-1 et seq.]," *Continental Invest. Corp. v. Cherry*, 124 Ga. App. 863, 865 (2) (186 SE2d 301) (1971), by requiring when a malpractice suit is instituted that along with the complaint an affidavit be filed by a competent expert witness setting forth a single negligent act allegedly committed by the defendant. The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer.

The record reveals that appellant submitted a valid affidavit by a licensed, board certified physician practicing in Georgia, competent to testify in court, which set forth one negligent act, the application of the tourniquet for a negligent period of time, and the factual basis for that claim, in full compliance with the requirements set forth in OCGA § 9-11-9.1 (a). Therefore, the trial court erred by dismissing appellant's complaint.

2. Our holding above renders it unnecessary for us to address the remaining enumerations in Case No. 77769. Further, since we have held the trial court improperly dismissed the complaint, it is likewise unnecessary to address the Hospital's appeal in Case No. 77733, asserting the trial court erred by dismissing the complaint without prejudice, and, accordingly, that appeal is dismissed.

*Judgment reversed in Case No. 77769; appeal dismissed in Case No. 77733. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 13, 1989.

*Nall, Miller, Owens, Hocutt & Howard, George R. Neuhauser,*

*Michael D. Hostetter*, for appellants.
*Nickerson & Tuszynski, David E. Tuszynski*, for appellee.