A90A1694. GOODEN et al. v. GEORGIA BAPTIST HOSPITAL & MEDICAL CENTER.
(401 SE2d 602)

COOPER, Judge.

This case involves a medical malpractice complaint against appellee as a result of the death of appellants' child at birth. Appellants' original complaint was dismissed for want of prosecution, and the second action filed by appellants was voluntarily dismissed by appellants while appellee's motion for summary judgment was under consideration by the trial court. Several months before the dismissal of the second complaint, the statute of limitation on appellants' cause of action expired. Within six months of the dismissal of the second complaint, appellants filed a third complaint pursuant to the renewal provisions of OCGA § 9-2-61 (a). Appellants allege that they filed the requisite expert's affidavit under OCGA § 9-11-9.1 along with the third complaint, although there is evidence in the record to indicate that the two affidavits filed may not have been filed until several days

after the complaint was filed. In any event, the affidavits that were in fact filed were not originals, but were photocopies, and no original, signed affidavits have been filed in connection with any of the complaints. Further, although the affidavits recite, refer to and rely on, certain medical records to be attached as exhibits, no such exhibits have ever been provided to the court. The trial court granted appellee's motions to strike the affidavits and to dismiss appellants' complaint, and from this order, appellants appeal.

1. Appellants first enumerate that the court erred in granting the motion to strike the affidavits. Specifically, appellants argue that the court erred in applying the rationale of *Smith v. Feliciano*, 187 Ga. App. 86 (369 SE2d 346) (1988) to the instant case. In *Smith*, the court, while considering a motion for summary judgment, ruled that affidavits which relied on material not contained in the record did not set forth admissible facts and must be disregarded. Appellants argue that by relying on *Smith* the trial court was considering the sufficiency of the affidavits as on a motion for summary judgment, rather than determining whether the complaint was properly filed pursuant to OCGA § 9-11-9.1. "[W]hen the Legislature enacted OCGA § 9-11-9.1, it established 'an "exception to the general liberality of pleading permitted under (the Civil Practice Act, OCGA § 9-11-1 et seq.)," by requiring when a malpractice suit is instituted that along with the complaint an affidavit be filed by a competent expert witness setting forth a single negligent act allegedly committed by the defendant.' [Cit.]" *Brake v. Mintz*, 193 Ga. App. 662, 666 (388 SE2d 715) (1989). The statute also requires that the affidavit set forth the factual basis for the claim of each negligent act. OCGA § 9-11-9.1 (a). In *0-1 Drs. &c. Co. v. Moore*, 190 Ga. App. 286 (1) (378 SE2d 708) (1989), we held that OCGA § 9-11-9.1 did not incorporate the evidentiary standards applicable to evidence supporting a motion for summary judgment, and we refused to disregard an affidavit that failed to set forth the standard of care required to withstand a summary judgment motion supported by an opposing affidavit. However, the court in *Moore* specified that the affidavit at issue attached as exhibits all the material referenced and relied upon by the affiant. Further, although the *Moore* court did not specify that the affidavit involved was an original, the court did state that it was properly signed and notarized, thereby leading us to conclude that an original was in fact filed.

As stated by the trial court, even though appellants were on notice of the problems with their affidavits from the motions filed in connection with the first two complaints, they nevertheless filed identical affidavits with the third complaint. No originals were filed and despite the clear reference to attached exhibits of the medical records in the affidavits, no exhibits were ever filed. We determine that these defects, which appear on the face of the affidavits, bear directly on

the determination of whether the requirements of OCGA § 9-11-9.1 were satisfied; the trial court was not required to consider the sufficiency of the affidavits or their evidentiary content to make such determination. Considering the obvious defects in the affidavits submitted by appellants and the prior notice to appellants, the trial court did not err in striking the affidavits. Although *Smith*, supra, involved a summary judgment motion, we find that the trial court did not err in relying on the reasoning therein with respect to defective affidavits to grant the motion to strike.

2. Appellant next contends that the court erred in granting appellee's motion to dismiss the complaint. OCGA § 9-11-9.1 (f) states: "If a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such an affidavit in its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, unless a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake." We have already determined that the affidavits filed with the complaint are defective and should have been stricken. We therefore agree with the trial court's determination that, considering the prior notice to appellants of the defects in the affidavits, the appellants did not have the requisite expert affidavit at the time of filing the renewed complaint. Further, there is no evidence in the record to indicate that the failure to file a satisfactory affidavit was the result of a mistake. The affidavit appended to appellants' brief is not properly a part of the record and we will not consider it. See *Georgia Power Co. v. Redman*, 137 Ga. App. 427 (4) (224 SE2d 477) (1976). The trial court did not err in granting the motion to dismiss appellants' complaint.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 31, 1991.

*Repasky & Bates, Alexander J. Repasky, Fred R. White,* for appellants.

*Duvall, McCumber & Doverspike, Thomas O. Duvall, Jr., Jerry D. McCumber, S. David McLean, Jr.,* for appellee.