### S91G0973. GILLIS v. GOODGAME et al.
(414 SE2d 197)

CLARKE, Chief Justice.

Nancy Gillis sued Robert Smith, a physician, and James Goodgame, a radiological physicist, alleging "medical malpractice and negligence" in that they had "failed to exercise that degree of medical care, diligence and skill ordinarily employed by physicians in general." Gillis alleged that she sustained injuries from the "unnecessary and excessive" radiation therapy with which Smith and Goodgame had treated her.[1]

Pursuant to OCGA § 9-11-9.1, Gillis attached to her complaint the affidavit of an expert which addressed only the alleged professional malpractice of Smith. Goodgame moved to dismiss the claim against him for failure to attach an expert affidavit alleging that he had committed a negligent act or omission.

The trial court concluded that Goodgame, who is not a physician, had engaged in the practice of medicine as contemplated by OCGA § 43-34-20 (3), and therefore an expert's affidavit was required under OCGA § 9-11-9.1 (a). The trial court granted Goodgame's motion to dismiss.

A majority of the Court of Appeals affirmed, *Gillis v. Goodgame,* 199 Ga. App. 413 (404 SE2d 815) (1991). The Court of Appeals did not reach the issue of whether Goodgame was practicing medicine such that an expert affidavit would be required, *Housing Auth. of Savannah v. Greene,* 259 Ga. 435 (383 SE2d 867) (1989), but held that OCGA § 9-11-9.1 (a) applies to Goodgame because he is a "professional" as a matter of law. We granted certiorari to determine whether OCGA § 9-11-9.1 (a) required Gillis to file an expert affidavit with her complaint against Goodgame. We now reverse.

The record shows that Goodgame has an undergraduate degree in physics and math, as well as a master's degree in physics. At the time of Gillis' alleged injuries he was associated with Dr. Smith as a radiological physicist. According to Goodgame, his field of expertise is therapeutic radiology, or the physics which involves the use of radiation in the medical treatment of patients. In his deposition Goodgame testified that his job involves calibrating the cobalt machine which is used to deliver radiation to the patient, and performing quality control services on any machines used in this therapy. He further testi-

---

[1] Nancy Gillis died during the pendency of this litigation.

fied that the treating physician determines how much radiation the patient needs, and Goodgame then calibrates the machine to deliver this amount. According to Goodgame, a radiological physicist is not required to be licensed by any state or federal examining board.

Based on Goodgame's description of his job, we find that he was not practicing medicine within the meaning of OCGA § 43-34-20 (3). The issue then becomes whether the affidavit requirements of OCGA § 9-11-9.1 apply to radiological physicists.

While OCGA § 9-11-9.1 was enacted as Section 3 of the Medical Malpractice Act of 1987 (Ga. L. 1987, p. 887 et seq.), its affidavit requirements have been held applicable to non-medical actions. See cases cited in *Kneip v. Southern Engineering*, 260 Ga. 409 (395 SE2d 809) (1990). However, this court has never held OCGA § 9-11-9.1 applicable to actions against occupations which are not enumerated in OCGA § 14-7-2 (2), or occupations which are not subject to the respective licensing and regulation requirements of OCGA §§ 14-10-2 (2) and 43-1-24. We note that the term "professional" is no where defined in the Code other than in these cited Code sections.

Because there is a presumption that the General Assembly enacted OCGA § 9-11-9.1 " 'with full knowledge of the existing condition of the law and with reference to it. . . .' " *Housing Auth. of Savannah*, supra at 438; *Poteat v. Butler*, 231 Ga. 187, 188 (200 SE2d 741) (1973), we conclude that the legislature intended for the term "professional" as used in OCGA § 9-11-9.1 to be defined by OCGA §§ 14-7-2 (2); 14-10-2 (2), and 43-1-24. We hold, therefore, that the affidavit requirements of § 9-11-9.1 apply only to those professions recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2), and 43-1-24. See Justice Weltner's special concurrence to *Creel v. Cotton States Mut. Ins. Co.*, 260 Ga. 499 (397 SE2d 294) (1990).

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 27, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

*Sutton & Slocumb, Berrien L. Sutton, Hallman & Associates, Ronald W. Hallman,* for appellant.

*Beckmann & Pinson, William H. Pinson, Jr., Walter W. Ballew III, Dillard, Landers & Bower, Terry A. Dillard, Brannen, Searcy & Smith, David R. Smith,* for appellees.