S91G1432. LAMB et al. v. CANDLER GENERAL HOSPITAL, INC.

(413 SE2d 720)

HUNT, Justice.

We granted certiorari to the Court of Appeals to consider the applicability to Lamb's complaint of OCGA § 9-11-9.1 (a), requiring an affidavit in professional malpractice cases. The Court of Appeals reversed the trial court's denial of the hospital's motion to dismiss for failing to file an adequate affidavit. *Candler Gen. Hosp. v. Lamb,* 200 Ga. App. 314 (408 SE2d 416) (1991). We reverse.

Plaintiff Lamb filed a tort suit against the defendant appellee, Candler General Hospital, claiming she was injured when hospital employees negligently used disposable replacement parts made by defendant Staar Surgical Company, instead of those made by defendant CooperVision, in a CooperVision instrument used to dissolve cataracts, despite the manufacturer's warnings that only CooperVision disposable parts should be used. The complaint alleges the Staar parts failed, causing the instrument's irrigation system to malfunction and overheat, which resulted in injuries to Lamb's eye. Attached to the complaint was an affidavit from a professional engineer, a vice-president of CooperVision, stating that injury may result from the interruption of the fluid flow to the eye during surgery if the wrong parts are used.

The hospital moved to dismiss because Lamb failed to attach an affidavit from a doctor, as required in professional malpractice cases by OCGA § 9-11-9.1.[1] The trial court found that such an affidavit was not necessary because the case did not involve medical malpractice.

The Court of Appeals held that because medical evidence is required to establish Lamb's injuries, the case involved medical mal-

---

[1] OCGA § 9-11-9.1 (a) provides:

In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

practice: "If Plaintiff cannot establish negligence and causation without expert testimony, the case is generally a professional malpractice action within the meaning of OCGA § 9-11-9.1." The court concluded the professional engineer's affidavit was inadequate to satisfy the statute.[2]

1. It is well recognized that a hospital may be liable in ordinary negligence for furnishing defective equipment for use by physicians and surgeons in treating patients. As was said in *Emory Univ. v. Porter*, 103 Ga. App. 752, 755 (120 SE2d 668) (1961):

> A hospital owes to its patients only the *duty of exercising ordinary care* to furnish equipment and facilities reasonably suited to the uses intended and such as are in general use under the same, or similar, circumstances. . . . [Emphasis supplied.]

Accord *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 109 (354 SE2d 872) (1987); *Reed v. Adventist Health Systems/Sunbelt*, 181 Ga. App. 750, 752-753 (353 SE2d 523) (1987); *Smith v. Hosp. Auth. of Terrell County*, 161 Ga. App. 657 (1) (288 SE2d 715) (1982). See generally Anno., 14 ALR3d 1254 (1967). Thus, the breach of a duty requiring ordinary care, albeit in a medical context, is not medical malpractice, for "[m]edical malpractice exists only where the act or omission by [a] professional requires the exercise of expert medical judgment." *Jones v. Bates*, 261 Ga. 240, 242 (403 SE2d 804) (1991).

In *Candler Gen. Hosp. v. McNorrill*, supra, 182 Ga. App. at 109-110, the Court of Appeals made clear:

> simply because an alleged injury occurs in a hospital setting, a suit to recover for that injury is not necessarily a "medical malpractice" action. . . . If the alleged negligent act or omission of a hospital employee does not require the exercise of expert medical judgment, the fact that the employee also has expert medical credentials does not make the case one of "medical malpractice."

Accord *Porter v. Patterson*, 107 Ga. App. 64 (129 SE2d 70) (1962).

Here, the failure to replace disposable parts in the instrument involved in this case, as required for its safe performance, creates an issue of simple negligence by hospital employees for which the hospital may be liable. Because professional skill and judgment are not involved, an affidavit under OCGA § 9-11-9.1 is not necessary. *Jones v.*

---

[2] Because we are holding that the affidavit was not necessary in this case, we express no opinion on the adequacy of the affidavit presented.

*Bates*, supra, 261 Ga. at 242.

2. Furthermore, in *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992), we held "that the affidavit requirements of § 9-11-9.1 apply only to those professions recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2) and 43-1-24." Id. at p. 118. Insofar as Lamb's complaint alleges negligence against the hospital for supplying defective equipment for use in treating its patients, the case is not one against a "professional" or involving "professional malpractice."[3] Therefore, OCGA § 9-11-9.1 is inapplicable and no affidavit is required. *Gillis v. Goodgame*, supra at p. 118.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 27, 1992 —
RECONSIDERATION DENIED MARCH 19, 1992.

*Jones, Boykin & Associates, John W. Jones, Noble L. Boykin, Jr.,* for appellants.

*Frank W. Seiler, Bouhan, Williams & Levy, Roy E. Paul, Peter D. Muller,* for appellee.

---

[3] Since the pleadings, at the least, included a claim involving ordinary negligence, it is not subject to dismissal for lack of an affidavit. This ruling would not prevent the hospital from proving at trial that only medical malpractice is involved.