## A92A0603. GREENE COUNTY HOSPITAL AUTHORITY v. TURNER.
### (421 SE2d 715)

COOPER, Judge.

Appellee brought an action against appellant d/b/a Minnie G. Boswell Memorial Hospital (hereinafter referred to as the "hospital") and Dr. William Buhrow for injuries appellee suffered as a result of surgery performed by Dr. Buhrow. Pursuant to OCGA § 9-11-9.1, appellee filed an affidavit which set forth the negligence of Dr. Buhrow. However, the affidavit did not set forth any negligence on the part of the hospital. The hospital filed a motion to dismiss or, in the alternative, motion for summary judgment on the ground that appellee's expert affidavit did not allege any negligence as to the hospital or any of its employees. The trial court's order recites that the hospital's motion is granted as to appellee's "medical malpractice and/or medical professional negligence claims" but denied as to appellee's "ordinary negligence claims." We granted the hospital's interlocutory appeal from the trial court's denial of its motion to dismiss appellee's negligence claims against the hospital.

The Supreme Court of Georgia decided in *Gillis v. Goodgame,* 262 Ga. 117 (414 SE2d 197) (1992) that the affidavit requirements of OCGA § 9-11-9.1 apply only to those professions recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2); and 43-1-24. Id. at 118. In another case decided on the same day as *Gillis,* the Supreme Court held that the affidavit requirements of OCGA § 9-11-9.1 did not apply to a plaintiff's claims of negligence against a hospital because the case was not one against a "professional" or involving "professional malpractice." See *Lamb v. Candler Gen. Hosp.,* 262 Ga. 70 (413 SE2d 720) (1992). In the complaint, the only claim stated against the hospital is that the hospital "was negligent in that its staff failed to meet the standard of care required of medical professionals generally in screening, observing, and treating [appellee]." The same language is used to state a claim against Dr. Buhrow. While that language may state a claim of malpractice against Dr. Buhrow since he is a professional, the language states only a claim of ordinary negligence

against the hospital to the extent that the members of the hospital "staff" referred to in appellee's complaint are non-professionals as defined by *Gillis*. Therefore, the trial court did not err in denying appellant's motion to dismiss as to appellee's ordinary negligence claims. However, as the Supreme Court noted in *Lamb*, the hospital is not precluded from asserting the lack of a § 9-11-9.1 affidavit as a defense if the hospital establishes that the "staff" members are professionals under *Gillis*. See *Lamb*, supra at 72, footnote 3. Thus, we conclude that the trial court did not err in denying the hospital's motion to dismiss.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 5, 1992 —
RECONSIDERATION DENIED JULY 28, 1992 — ■

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, N. Beth Dorsey, Blasingame, Burch, Garrard & Bryant, Milton F. Eisenberg II,* for appellant.

*Sherry J. Locklin,* for appellee.