A92A0091. THORNTON et al. v. WARE COUNTY HOSPITAL AUTHORITY.
(421 SE2d 713)

COOPER, Judge.

As a result of injuries Rosemary Thornton suffered during surgery, Mrs. Thornton and her husband, appellants herein, brought an action for personal injuries and loss of consortium against appellee d/b/a Memorial Hospital (hereinafter referred to as the "hospital"), Dr. Charles Whigham and the anesthesia team consisting of an anesthesiologist and a nurse anesthetist. We granted this interlocutory appeal from the trial court's dismissal of appellants' complaint against the hospital. The issue for our determination is whether appellants

complied with the affidavit filing requirements of OCGA § 9-11-9.1.

Appellants alleged in their complaint that while Mrs. Thornton was under the care and control of the defendants, collectively, she was improperly and negligently cared for and that the defendants failed to exercise that degree of medical care and diligent skill that is generally employed by physicians, nurses and hospitals. Pursuant to OCGA § 9-11-9.1, appellants filed two affidavits with their complaint, one which set forth the negligent acts of the anesthesia team and another which set forth the negligence of Dr. Whigham. The hospital moved to dismiss the complaint on the grounds that neither of the affidavits filed by appellants set forth any negligent act of the hospital. Appellants subsequently amended their complaint to allege that the hospital was liable for the acts of Dr. Whigham and the anesthesia team under a theory of respondeat superior. Appellant also alleged that nurses employed by the hospital had committed negligent acts during the care and treatment of Mrs. Thornton. "[I]n *Gillis v. Goodgame*, 262 Ga. 117 [(414 SE2d 197) (1992), the Supreme Court of Georgia] held 'that the affidavit requirements of OCGA § 9-11-9.1 apply only to those professions recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2); and 43-1-24.' [Cit.]" *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70 (413 SE2d 720) (1992). Appellants' complaint against the hospital is not an action against a "professional" as defined in the above cited Code sections. See *Lamb*, supra. Nevertheless, the hospital can be liable under a theory of respondeat superior for the negligence of its physicians and nurses. See *Doctors Hosp. of Augusta v. Bonner*, 195 Ga. App. 152 (6) (392 SE2d 897) (1990). We conclude that appellants complied with the requirements of § 9-11-9.1 by filing with their complaint affidavits which set forth the negligence of the professionals whose acts form the basis for appellants' claim against the hospital. The hospital, citing OCGA § 9-11-9.1 (e), incorrectly characterizes appellants' amendment to their complaint as an attempt to circumvent the filing requirements of § 9-11-9.1. We disagree. OCGA § 9-11-9.1 (e) addresses only the attempt to amend a complaint when the plaintiff fails to file an affidavit contemporaneously with the complaint. Appellants' complaint as originally filed included the requisite affidavits setting forth the negligent acts of Dr. Whigham and the anesthesia team. However, the complaint was unartfully drafted in that it alleged that the defendants, collectively, failed to exercise the required degree of care. The amendment merely clarified the specific basis for the hospital's liability. We find no merit to the hospital's argument and hold that the trial court erred in dismissing appellant's complaint.

The hospital argues in its brief that even if an affidavit was not required, it was entitled to summary judgment on appellants' claim of negligence by respondeat superior. Appellants' amended complaint in

which they specifically set forth their claim that the hospital was liable for the acts of Dr. Whigham and the anesthesia team under a theory of respondeat superior was filed after the hospital filed its motion to dismiss. It does not appear that the merits of that claim were addressed by the trial court's grant of the hospital's motion to dismiss. " '(I)ssues raised . . . (which are) not . . . encompassed within the final order from which the appeal has been taken, . . . may not . . . (be) raise(d) (on appeal), either in enumerations of error or through arguments in briefs of counsel. . . . (Cit.)' [Cit.]" *Costanzo v. Jones*, 200 Ga. App. 806, 811 (3) (409 SE2d 686) (1991).

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 5, 1992 —
RECONSIDERATION DENIED JULY 28, 1992 — 

*Sutton & Slocomb, Berrien L. Sutton, Hallman & Associates, Ronald W. Hallman,* for appellants.

*Dillard, Landers & Bower, Terry A. Dillard, Bryant H. Bower, Jr.,* for appellee.