### A92A0950. ULBRICH et al. v. BATTS et al.
(424 SE2d 288)

ANDREWS, Judge.

We granted this interlocutory appeal to review the trial court's refusal to dismiss the medical malpractice action brought by Batts et al. against Ulbrich et al. In his motions to strike the expert affidavit and dismiss the complaint, Ulbrich claimed Batts failed to comply with the expert affidavit requirements of OCGA § 9-11-9.1 in that the expert affidavit filed with the complaint states in part that the affiant reviewed certain medical records which were not attached to the affidavit. Ulbrich argues that *Gooden v. Ga. Baptist Hosp. &c.,* 198 Ga. App. 407 (401 SE2d 602) (1991), holds that the failure to attach referenced medical records to an affidavit renders the affidavit insufficient under OCGA § 9-11-9.1, and requires dismissal of the complaint.

Without detailing the specific contents of the affidavit, *Gooden* affirmed the trial court's order striking the affidavit and dismissing the complaint because the expert affidavit there was a copy rather than the original, and because the affidavit referred to and relied upon medical records which were not attached. As we read *Gooden,* the opinion holds that the affidavit was defective on its face at least in part because, without incorporation of facts from the referenced medical records, the affidavit alone failed to "set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim . . ." as required by OCGA § 9-11-9.1 (a).[1]

---

[1] *Gooden's* passing reference to *Smith v. Feliciano,* 187 Ga. App. 86 (369 SE2d 346) (1988), as a basis for the trial court's order striking the affidavit was dicta not essential to the holding of the case. *Smith* refers to the rule applied to summary judgment affidavits that "the affidavit of a physician [or other expert] setting forth an opinion based upon hearsay in the form of medical records or other material must attach sworn or certified copies of all papers or parts thereof referred to in the affidavit. . . . An affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based." (Citations and punctuation omitted.) *Hayes v. Murray,* 252 Ga. 529, 530 (314 SE2d 885) (1984). Accordingly, in the context of summary judgment, to the extent that a plaintiff's

In giving the affidavit required by OCGA § 9-11-9.1, the expert is not required to demonstrate personal knowledge of the facts, but may base the affidavit on an assumption that facts in the medical record are true. See *Druckman v. Ethridge*, 198 Ga. App. 321, 322 (401 SE2d 336) (1991). "Under the statute, where a complaint asserts a damage claim and alleges professional malpractice, it is only necessary that there be filed contemporaneously with the filing of the complaint the affidavit of an expert stating that, in his opinion, such facts, *if true*, would constitute professional malpractice." (Citation and punctuation omitted. Emphasis in original.) Id. at 322. The affiant may review the medical records, take the relevant facts therein to be true, and restate those facts in the affidavit to provide the basis for the expert opinion. As long as the affidavit itself adequately sets forth the factual basis for at least one negligent act or omission of the defendant alleged in the complaint, it is not necessary that the medical records from which the stated facts were taken be attached to the affidavit.

OCGA § 9-11-9.1 sets forth a pleading requirement the purpose of which "is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer." *0-1 Doctors Mem. Holding &c. v. Moore*, 190 Ga. App. 286, 288 (378 SE2d 708) (1989). "A Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible. *Bowen v. Adams*, 203 Ga. App. 123, 124 (416 SE2d 102) (1992)." *Gadd v. Wilson & Co. &c.*, 262 Ga. 234 (416 SE2d 285) (1992). The expert affidavit in the instant case was sufficient on its face to satisfy the requirements of OCGA § 9-11-9.1 (a).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 30, 1992 

*Love & Willingham, John A. Gilleland, Kimberly L. Woodland*, for appellants.
*Alston & Bird, Holly B. Barnett, Allen & Peters, Dennis A.*

---

expert affidavit is based on the medical records rather than the affiant's personal knowledge of the facts, it would fail to have probative value if it neither attached the medical records nor clearly identified the matter in the trial record upon which it is based. Id. at 530-531. However, this is not the rule which governs the sufficiency of an expert affidavit required by OCGA § 9-11-9.1.

*Elisco, Melody Wilder, Darrel L. Hopson*, for appellees.