A92A1451. HCA HEALTH SERVICES OF GEORGIA, INC. v.
HAMPSHIRE et al.
A92A1452. KATZ et al. v. HAMPSHIRE et al.
A92A1453. GREEN v. HAMPSHIRE et al.
A92A1454. BIELFELT v. HAMPSHIRE et al.
(424 SE2d 293)

SOGNIER, Chief Judge.

Oliver Hampshire and Katie Hampshire brought a medical malpractice suit against a hospital, one allopathic physician, five osteopathic physicians, and the professional corporation that employs several of the osteopathic physicians, seeking damages for personal injuries and loss of consortium. Two of the osteopath defendants were voluntarily dismissed; upon the death of Mr. Hampshire, Ms. Hampshire, as administrator of his estate, was substituted as plaintiff on the personal injury claim. Except for the allopath defendant, all the defendants moved to dismiss the complaint on the basis, inter alia, that it failed to comply with the requirements in OCGA § 9-11-9.1. The trial court denied the motions to dismiss, and we granted their applications for interlocutory appeal.

For purposes of OCGA § 9-11-9.1 (a), appellees submitted the affidavit of H. Harlan Stone, M.D. Dr. Stone set forth his training, qualifications, and employment as an allopathic physician and then stated that he personally reviewed certified copies of Mr. Hampshire's medical records at appellant hospital, HCA Health Services of Geor-

gia, Inc. d/b/a HCA Northlake Regional Medical Center (hereinafter "Northlake"). Dr. Stone's affidavit does not mention by name any appellant except Northlake. Dr. Stone stated the dates, diagnoses, and procedures performed upon Mr. Hampshire, discussed in detail eight x-rays taken of the patient, explained what would appear "obvious" from a review of those x-rays, and averred that "[f]rom what I see in these X-rays, the physician(s) [sic] responsible for this patient's care failed to exercise the degree of care for this patient as is recognized in the medical professional generally under similar conditions and like circumstances." Dr. Stone then faulted the "physician(s) responsible for the patient" for two specified negligent acts or omissions and concluded that in his professional opinion the care provided Mr. Hampshire "fell below the level of care required of general surgeons and other physicians responsible for the patient's care in conjunction with the general surgeon, as is recognized generally in the medical profession under similar conditions and like circumstances. It is my professional opinion that the failure of the attending physician(s) to adhere to applicable standards of care in treating the condition presented by Mr. Hampshire" caused further injury to the patient.

1. Appellants contend that the trial court incorrectly interpreted OCGA § 9-11-9.1. That statute provides in pertinent part that "[i]n any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." The trial court held that because OCGA § 9-11-9.1 does not expressly require an expert's averment of a negligent act or omission as to *every* defendant but instead indicates that only "*an* affidavit" by "*an* expert" is required (emphasis supplied), id. at (a), the submission by appellees of Dr. Stone's affidavit, an expert competent to testify as to one alleged negligent act of the allopath defendant, satisfied the requirements of the statute as to the other defendants.

A statute is to be construed in accordance with its real intent and meaning and not so strictly as to defeat the legislative purpose, *Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816-817 (403 SE2d 97) (1991), and should be read according to the natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation. *Burbridge v. Hensley*, 194 Ga. App. 523, 524 (1) (391 SE2d 5) (1990). "The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed." *0-1 Doctors &c. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989).

We hold that the trial court misconstrued OCGA § 9-11-9.1. In accordance with the legislative purpose of reducing the number of

frivolous malpractice suits, we construe OCGA § 9-11-9.1 as requiring a plaintiff in a malpractice suit to submit a valid affidavit by an expert competent to testify in court against each professional defendant named in the complaint, in which is set forth specifically at least one negligent act or omission claimed to exist as to each professional defendant (jointly, where appropriate; otherwise, severally) and the factual basis for the claim against each defendant. To construe the statute in the manner proposed by the trial court would defeat the purpose of the statute by authorizing the naming of professionals as defendants in malpractice suits in which a plaintiff can set forth no one negligent act or omission attributable to that defendant, thus sanctioning the filing of frivolous malpractice suits against professional defendants who are only tangentially related to the legitimate malpractice claim brought against another defendant.

Therefore, under the correct interpretation of OCGA § 9-11-9.1, the filing of an expert's affidavit that satisfies the statute's requirements as to one defendant does not necessarily mean that those requirements have been likewise satisfied as to other defendants. Accordingly, the trial court erred by concluding that appellees' filing of an expert's affidavit sufficient under OCGA § 9-11-9.1 as to the allopath defendant was dispositive of appellants' claims that appellees' affidavit was insufficient and precluded consideration of appellants' objections to the affidavit.

2. In its order on appellants' motion to dismiss, the trial court made "findings of fact" derived from deposition testimony and other evidence adduced during discovery conducted by the parties prior to the ruling on appellants' motions, including a finding that there is no significant difference in the standard of care required of allopaths and osteopaths. We agree with appellants that on a motion to dismiss based upon the insufficiency of an affidavit submitted pursuant to OCGA § 9-11-9.1, consideration of essential evidentiary matters not included in the affidavit is improper. See *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865) (1991) rev'g 197 Ga. App. 543 (398 SE2d 787) (1990) (held: expert's affidavit cannot incorporate by reference matters required by OCGA § 9-11-9.1 to be set forth within body of affidavit). Compare *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992) (evidence extrinsic to the affidavit is admissible to determine whether defendant is "professional" to whom affidavit requirement in OCGA § 9-11-9.1 applies).

3. Appellants contend the trial court erred by denying their motions to dismiss on the basis that Dr. Stone was an expert competent to testify against them.

(a) As to the osteopath appellants and their professional corpora-

tion,[1] we have held that in order for an affiant to be "an expert competent to testify," the expert either must be a member of the same professional school as the defendant or, if from a different professional school, must state the particulars how the methods of treatment are the same for the different schools in order to establish that the affiant possesses the expertise to be able to give an opinion regarding the applicable standard of care to which the defendant is held. *Chandler v. Koenig*, 203 Ga. App. 684, 685 (417 SE2d 715) (1992); *Milligan v. Manno*, 197 Ga. App. 171 (397 SE2d 713) (1990). "[W]here the affidavit 'establishes that the witness is a member of a different school of medicine than that practiced by the defendant but contains no evidence that the methods of treatment of plaintiff's condition are the same so as to bring the witness within the exception to the general rule that he is incompetent to testify(, then) the affidavit is legally insufficient.' [Cit.]" *Chandler*, supra at 686. Because Dr. Stone's affidavit established that he is a member of a different school of medicine than the osteopath appellants and contained no evidence regarding the methods of treatment so as to establish "a professional overlap of expertise in at least one matter alleged by [appellees] to constitute malpractice," id. at 687, the trial court erred by denying the motions to dismiss made by the osteopath appellants and their professional corporation in Case Nos. A92A1452, A92A1453, and A92A1454.

(b) As to appellees' allegation against appellant Northlake that the hospital was liable for the alleged malpractice of the individual physician-defendants, the pleadings established that the osteopath appellants are professionals within the meaning of OCGA § 9-11-9.1. *Gillis*, supra at 118 (see doctors of osteopathy in OCGA §§ 43-34-20 (3); 43-34-27; professional corporation for practice of osteopathy in OCGA §§ 14-7-2 (2); 14-7-3). Accordingly, Northlake was entitled to assert the insufficiency of the OCGA § 9-11-9.1 affidavit as a defense to its liability for the alleged malpractice of the osteopath appellants. *Greene County Hosp. Auth. v. Turner*, 205 Ga. App. 213 (421 SE2d 715) (1992). Compare *Thornton v. Ware County Hosp. Auth.*, 205 Ga. App. 202 (421 SE2d 713) (1992). Therefore, based on our holding in Division 3 (a), supra, the trial court erred by denying Northlake's motion to dismiss insofar as the hospital's liability for the osteopath appellants is concerned.

4. We do not agree with Northlake that the trial court erred by denying its motion to dismiss other allegations in appellees' complaint.

---

[1] The professional corporation was named as a defendant solely in its capacity as the employer of the individual osteopath appellants. See *Doctor's Hosp. v. Bonner*, 195 Ga. App. 152, 161-162 (6) (a) (392 SE2d 897) (1990).

(a) Appellees alleged and Northlake admitted in its answer that O. M. Arora, M.D., the allopath defendant who performed Mr. Hampshire's surgery, was a member of Northlake's medical staff at the time of the surgery in issue. Appellees specifically alleged in their complaint that Dr. Arora (as one of the individual physician-defendants) was "acting as [Northlake's] agent, either by actual authority, or ostensibly," thereby setting forth a claim against Northlake under the theory of respondeat superior. See generally *Doctors Hosp. v. Bonner*, 195 Ga. App. 152, 161-162 (6) (a) (392 SE2d 897) (1990). A review of appellees' OCGA § 9-11-9.1 affidavit reflects that Dr. Stone is an expert competent to testify against Dr. Arora and that Dr. Stone set forth specific acts of negligence allegedly committed by Dr. Arora.[2] Since Northlake's liability rests upon the theory of respondeat superior, "appell[ees] complied with the requirements of [OCGA] § 9-11-9.1 by filing with [the] complaint affidavits which set forth the negligence of the professionals whose acts form the basis for [their] claim against the hospital." *Thornton*, supra at 203.

(b) Northlake argues that appellees' affidavit was insufficient and dismissal was demanded because the certified copies of medical records referenced by and allegedly reviewed by Dr. Stone were not attached to the affidavit. We do not agree. OCGA § 9-11-9.1 mandates the expert's affidavit set forth: "[1] specifically at least one negligent act or omission claimed to exist and [2] the factual basis for each such claim." "Where a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms." (Citations and punctuation omitted.) *Pier 1 Imports v. Chatham County Bd. of Tax Assessors*, 199 Ga. App. 294, 296 (1) (404 SE2d 637) (1991). Nothing in OCGA § 9-11-9.1 suggests that the "factual basis" requirement must be verified by attaching documentary evidence to the affidavit. Such verification requirements relate to evidentiary standards applicable to affidavits supporting a motion for summary judgment, e.g., *Smith v. Feliciano*, 187 Ga. App. 86, 87 (2) (369 SE2d 346) (1988), and given the plain language of OCGA § 9-11-9.1, we will not apply a verification requirement to affidavits used to satisfy that statute's different legislative purpose of reducing the filing of frivolous malpractice suits. See generally *0-1 Doctors &c.*, supra at 288 (1).

Dr. Stone's affidavit fully complies with the statute by setting forth his synopsis of the salient facts he derived from Mr. Hampshire's medical records, which supports his opinion that negligent acts or omissions had been committed. The presence within the body of

---

[2] As to the factual basis for Dr. Stone's averrals in his affidavit, see Division 4 (b), infra.

the affidavit of the factual basis for the negligence claims distinguishes this case from *Gooden v. Ga. Baptist Hosp. &c.*, 198 Ga. App. 407, 408 (1) (401 SE2d 602) (1991), cited by Northlake. We note that to the extent *Gooden* can be read as indicating that an affidavit can comply with the mandatory requirements of OCGA § 9-11-9.1 by incorporating by reference or by attaching to the affidavit other documents in which are set forth the requisite averrals, that holding conflicts with the Supreme Court's decision in *Cheeley*, supra (decided five months after *Gooden*) and will not be followed.

(c) Finally, we do not agree with Northlake that the trial court erred by denying its motion to dismiss as to the allegation in appellees' complaint that Northlake was liable "for having provided inferior services and facilities to [appellees]." "It is well recognized that a hospital may be liable in ordinary negligence for furnishing defective equipment for use by physicians and surgeons in treating patients. . . . [T]he breach of a duty requiring ordinary care, albeit in a medical context, is not medical malpractice. . . ." *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70, 71 (1) (413 SE2d 720) (1992). "Insofar as [appellees'] complaint alleges negligence against the hospital for supplying [inferior non-medical services and facilities] for use in treating its patients, the case is not one against a 'professional' or involving 'professional malpractice.' Therefore, OCGA § 9-11-9.1 is inapplicable and no affidavit is required. [Cit.]" (Footnote omitted.) Id. at 72 (2). Thus, the sufficiency of appellees' affidavit is not in issue for their ordinary negligence claim, and the trial court properly denied Northlake's motion to dismiss as to that claim. Id.; *Greene County Hosp. Auth.*, supra.

*Judgment in Case No. A92A1451 affirmed in part and reversed in part. Judgments in Case Nos. A92A1452, A92A1453, and A92A1454 reversed. Cooper, J., concurs. McMurray, P. J., concurs specially.*

McMurray, Presiding Judge, concurring specially.

I agree with the judgments and most of what is written in the majority opinion. I write solely in order to state my view, with reference to Division 4 of the majority opinion, that the decision in *Gooden v. Ga. Baptist Hosp. &c.*, 198 Ga. App. 407, 408 (1) (401 SE2d 602) should be overruled rather than *distinguished*. *Gooden* plainly makes applicable to OCGA § 9-11-9.1 the rule from *Smith v. Feliciano*, 187 Ga. App. 86 (369 SE2d 346) that affidavits which rely on materials not contained in the record must be disregarded because they do not set forth admissible facts. This is inconsistent with the construction of OCGA § 9-11-9.1 as establishing an exception to the general liberality of pleading permitted under the Civil Practice Act and "not to require a plaintiff to prove a prima facie case entitling

him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer." *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708). The majority opinion in this case distinguishes *Smith* as relating to evidentiary standards and holds that a verification requirement will not be applied to affidavits submitted to satisfy OCGA § 9-11-9.1.

The majority opinion distinguishes *Gooden* on the basis that the affidavit in the present case has set forth a "synopsis of . . . facts . . . derived from" the absent medical records. I do not see this as significantly different from the *Gooden* affidavits which "*recite*, refer to and rely on" absent medical records. (Emphasis supplied.) Id. at 408. In my view, *Gooden*, if a viable decision, would be applicable to the case sub judice and would require that we disregard Dr. Stone's affidavit. In *Gooden*, this court never reached the issue of whether the content of the affidavits satisfied the requirements of OCGA § 9-11-9.1 since the affidavits were disregarded due to the absence of the medical records upon which they were predicated.

An affidavit submitted pursuant to OCGA § 9-11-9.1 must set forth the factual basis for each claim. The matters required by OCGA § 9-11-9.1 to be set forth within the body of an expert's affidavit may not be incorporated by reference. *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865). The anomaly which results is that material, which *Gooden* requires to be included in the record, may not be considered under *Cheeley* in determining the sufficiency of the expert affidavit.

DECIDED OCTOBER 14, 1992 —
RECONSIDERATION DENIED NOVEMBER 2, 1992

*Alston & Bird, Judson Graves, Daniel A. Kent, Richard R. Hays, Paul J. Quiner, M. Gino Brogdon*, for HCA Health Services.

*Alston & Bird, Dow N. Kirkpatrick*, for Katz.

*Gleaton, Scofield & Egan, Frederick N. Gleaton, Charles H. Fails*, for Green.

*Sullivan, Hall Booth & Smith, Henry D. Green, Jr.*, for Bielfelt.

*Ford & Haley, James L. Ford, David C. Cole*, for Hampshire.