A92A2414. HARRELL et al. v. LUSK.
(430 SE2d 653)

POPE, Chief Judge.

On February 6, 1990, plaintiff Johnnie Lusk filed a complaint against defendants Robert Harrell, GBGD Drugs d/b/a The Medicine Shoppe, and Medicine Shoppe, International, Inc. alleging, inter alia, that on February 27, 1989 Harrell, a licensed pharmacist, committed malpractice by negligently filling Lusk's prescription with the improper dosage of the medication Stelazine. Seeking to comply with the dictates of OCGA § 9-11-9.1, plaintiff filed with her complaint the affidavit of a medical doctor to support her malpractice claim against Harrell. On December 7, 1990, the trial court dismissed that portion of plaintiff's complaint alleging professional malpractice against Harrell on the basis that plaintiff's expert, a medical doctor, was not competent to testify as to the standard of care that ordinarily should have been exercised by the defendant pharmacist.

In August 1991 plaintiff dismissed her suit against defendants.

Plaintiff refiled her suit a few days later on August 23, 1991, attaching an affidavit of a pharmacist to the complaint. The two-year statute of limitation on plaintiff's claim against the defendants had expired before she refiled her complaint. Thereafter, the defendants filed another motion to dismiss, asserting, inter alia, that OCGA § 9-11-9.1 bars plaintiff from renewing her malpractice claim against the defendants. The trial court denied defendants' motion to dismiss on the basis that our Supreme Court's recent decision in *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992) limited the affidavit requirement of OCGA § 9-11-9.1 only to those professions recognized in OCGA §§ 14-7-2 (2); 14-10-2 (2); and 43-1-24, and because pharmacy is not listed as a profession in those Code sections it was not necessary for plaintiff to comply with the dictates of OCGA § 9-11-9.1. We granted defendants' application for interlocutory appeal from that order.

As the trial court correctly noted, in *Gillis* our Supreme Court held the affidavit requirement of OCGA § 9-11-9.1 is applicable only to those professions recognized in OCGA §§ 14-7-2 (2); 14-10-2 (2); and 43-1-24. 262 Ga. at 118. OCGA § 14-7-2 (2) provides: " 'Profession' means the profession of certified public accountancy, architecture, chiropractic, dentistry, professional engineering, land surveying, law, psychology, medicine and surgery, optometry, osteopathy, podiatry, veterinary medicine, registered professional nursing, or harbor piloting."

OCGA § 14-10-2 (2) defines "Professional Service" as "the personal services rendered by attorneys at law and any type of professional service which may be legally performed only pursuant to a license from a state examining board *pursuant to Title 43*, for example, the personal services rendered by certified public accountants, chiropractors, dentists, osteopaths, physicians and surgeons, and podiatrists (chiropodists)." (Emphasis supplied.)

OCGA § 43-1-24 provides: "Any person licensed by a state examining board and who practices a 'profession,' as defined in Chapter 7 of Title 14, the 'Georgia Professional Corporation Act,' or who renders 'professional services,' as defined in Chapter 10 of Title 14, 'The Professional Association Act,' . . . shall remain subject to regulation by that state examining board, and such practice or rendering of services in that business entity shall not change the law or existing standards applicable to the relationship between that person rendering a professional service and the person receiving such service, including but not limited to the rules of privileged communication and the contract, tort, and other legal liabilities and professional relationships between such persons."

Pharmacy is not listed as a profession in OCGA § 14-7-2 (2). Pharmacy is also not a profession within the meaning of OCGA §§ 14-10-2 (2) and 43-1-24 because the board which regulates and li-

censes pharmacists is not governed by Title 43 of the Georgia Code. Although pharmacy is defined as a profession in OCGA § 26-4-2 (16) (A), the State Board of Pharmacy, which is charged with regulating and licensing pharmacists, was created pursuant to Article 2 of Title 26 of the Georgia Code. Thus, a literal reading of *Gillis* excludes pharmacy from the definition of profession or professional services. This court is not authorized to expand the holding of the Supreme Court in *Gillis*. Such an expansion can come only from the Supreme Court itself. Therefore, we are constrained to hold that pharmacy is not a profession to which the affidavit requirements of OCGA § 9-11-9.1 apply. The trial court did not err in denying the defendants' motion to dismiss.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MARCH 19, 1993 —
RECONSIDERATION DENIED APRIL 1, 1993

*Irwin, Bladen, Baker & Russell, Jennie E. Rogers,* for appellants.
*Lanser, Levinson & Paul, Adrian F. Lanser III, Michael A. Corbin,* for appellee.