## A93A1279. WILLIAMS v. HAJOSY.
(436 SE2d 716)

Beasley, Presiding Judge.

The trial court granted summary judgment to defendant Hajosy in this medical malpractice action.

Williams was admitted to Spalding Regional Hospital where he was treated by Dr. Hajosy, a specialist in orthopedic surgery, for head injuries sustained when a portion of roof fell on him at his work site. Dr. Hajosy debrided and closed the scalp wound. The next day, the doctor consulted with a neurologist to further evaluate plaintiff's head injury and decided to transfer him to Georgia Baptist Hospital for treatment by a neurosurgeon. Further explorative surgery by the neurosurgeon there revealed a tear in the dura, which was corrected. The complaint is that Dr. Hajosy's treatment of plaintiff's injuries deviated from the standard of care, necessitating further surgical repair of his head injuries and repair of a fractured hip.

The complaint was accompanied by an expert's affidavit pursuant to OCGA § 9-11-9.1 (a). The competency of the affiant has not been challenged. His opinion was based entirely on his review of the medical records of the two hospitals and various treating physicians. He averred: "[I]t is my opinion that the physician, Dr. Ralph Hajosy, who was responsible for the care of Harold Williams, failed to exercise that degree of care and skill acceptable to the medical profession generally under the same and similar circumstances and like surrounding conditions. Based on the records it would appear that Dr. Ralph Hajosy, in my opinion, failed to take definitive action to correct this life threatening injury. The standard of care would have required that Dr. Hajosy recognize the severity of the open depressed contaminated fracture and that definitive and expeditious treatment be undertaken immediately in order to correct the life threatening condition caused by said open fracture."

In support of his motion for summary judgment, defendant submitted his own affidavit regarding his familiarity with the standard of care and his compliance with it. In opposition, plaintiff resubmitted the expert's affidavit filed with the complaint. The medical records were not attached to the affidavit nor otherwise a part of the court record.

Summary judgment was sought and awarded on the grounds that (1) the complaint failed to satisfy the pleading requirements of OCGA § 9-11-9.1; and, (2) defendant was entitled to judgment as a matter of law since no material issue of fact was established as to the allegations of negligence.

1. The ruling on the first ground was incorrect. A distinction must be made between the sufficiency of the affidavit of plaintiff's expert for *pleading* purposes under OCGA § 9-11-9.1 (a), and its *evi-*

*dentiary* sufficiency to defeat a motion for summary judgment under OCGA § 9-11-56. The former mandates the filing of an affidavit with the complaint "of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). The pleading requirement, a threshold matter, is merely "to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer." *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989).

"Accordingly, an expert affidavit which would be insufficient to satisfy the evidentiary standards of OCGA § 9-11-56 may nevertheless be sufficient to satisfy the pleading standards of OCGA § 9-11-9.1." *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992). See also *0-1 Doctors Mem. Holding Co.*, supra at (1); *Ulbrich v. Batts*, 206 Ga. App. 74 (424 SE2d 288) (1992). The medical records on which the expert's affidavit is based need not be attached or otherwise in the record. *HCA Health Svcs. &c. v. Hampshire*, 206 Ga. App. 108, 112 (4) (b) (424 SE2d 293) (1992).

Noncompliance with OCGA § 9-11-9.1 (a) is properly challenged in a defensive pleading seeking dismissal of the complaint for failure to state a claim. OCGA §§ 9-11-9.1 (e); 9-11-12 (b) (6). Summary judgment, which addresses the merits, is not the proper vehicle to challenge the pleading, of which the affidavit is a part. *Druckman v. Ethridge*, 198 Ga. App. 321 (1) (401 SE2d 336) (1991).

2. Assuming the affidavit of plaintiff's expert was sufficient for OCGA § 9-11-9.1 (a) purposes, it was insufficient to meet the defendant's affidavit so as to create a genuine issue of material fact under OCGA § 9-11-56 (e). The court's ruling on the second ground was correct.

Defendant's own affidavit establishing by personal knowledge that he met the appropriate standard of care pierced the plaintiff's pleadings and entitled him to summary judgment if his opinion was not rebutted by competent expert counter-evidence. See *Augustine v. Frame*, 206 Ga. App. 348 (1) (425 SE2d 296) (1992).

A plaintiff's expert affidavit in opposition to summary judgment, which is based solely on medical records rather than on the affiant's personal knowledge of the facts, is without probative value if the affidavit neither attaches the medical records nor clearly identifies the matter in the trial record upon which it is based. OCGA § 9-11-56 (e) straightforwardly requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." This has been relaxed somewhat for the practical purpose of avoiding duplication by allowing clear identifica-

tion of records already on file. *Hughey v. Emory Univ.*, 168 Ga. App. 239 (308 SE2d 558) (1983). Further, in *Hayes v. Murray*, 252 Ga. 529 (314 SE2d 885) (1984), the affidavit was ruled sufficient because even though the medical records were not in the case record, the affidavit was based in part on personal knowledge.

Otherwise, as acknowledged in *Pratt v. Tri City Hosp. Auth.*, 193 Ga. App. 473, 474 (388 SE2d 69) (1989), "[w]here records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient" to withstand summary judgment. Accord *Augustine*, supra; *Lance v. Elliott*, 202 Ga. App. 164 (413 SE2d 486) (1991); *Smith v. Feliciano*, 187 Ga. App. 86 (2) (369 SE2d 346) (1988); *Nettles v. Laws*, 172 Ga. App. 241 (322 SE2d 546) (1984). See also *Ulbrich*, supra at 74, fn. 1. The rule for the expert's opinion for summary judgment is of necessity the same as it is for trial, because in both instances it serves an *evidentiary* purpose. See OCGA § 24-9-67; *Andrews v. Major*, 180 Ga. App. 393, 394 (2) (349 SE2d 225) (1986). In this instance, plaintiff did not seek to amend the affidavit to include the medical records, which would have been in the trial court's discretion to allow. OCGA § 9-11-56 (e); *Hayes*, supra.

Because the opinion of plaintiff's expert as to defendant's negligence is based solely on medical records not contained in the record, the affidavit had no probative value in response to defendant's affidavit. It is not enough that the expert specified the documents which are the foundation for his opinion. Plaintiff's evidence failed to establish a genuine issue of material fact as to defendant's negligence. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED OCTOBER 5, 1993 —
RECONSIDERATION DENIED OCTOBER 25, 1993

*Martin & Martin, Harold E. Martin*, for appellant.
*Beck, Owen & Murray, Samuel A. Murray*, for appellee.